## WEBSTER *v.* WADE.

WHERE a contract for service is made for a fixed period, if the employer without good cause discharge the servant before its termination, he is still liable, and the servant may recover the stipulated wages.

APPEAL from the Twelfth District.

Suit for wages. On the thirteenth of September, 1859, defendant and one Collins entered into a written contract, by which defendant agreed to employ Collins as steward on the steamer "Dashaway," in which defendant was interested, and which was about to be put on the route between San Francisco and Sacramento, from October 1st, 1859, to October 1st, 1860, at the wages of one hundred dollars per month, payable monthly. Collins was ready to enter upon his duties according to the contract on the first of October, but the "Dashaway" was then and for some time after undergoing repairs, and in consequence, Collins did not commence work until November 14th, 1859—but between those dates and until April 1st, 1860, the parties understood the contract to be in force, and after April plaintiff does not seek to recover. Collins worked as steward on the boat, under the contract, until January 16th, 1860, when the boat was laid up by defendant in pursuance of a contract made by him with other parties, and lay idle until April 1st, 1860, and thereafter. During this interval, defendant neither notified Collins that he, defendant, should employ him no longer, nor in any manner discharged him from the contract, but on the contrary, spoke of and recognized Collins as his employé

under the contract, and Collins was at all times ready to perform his duties thereunder. Defendant never paid Collins anything on the contract; and on the fourth of April, 1860, he assigned it to plaintiff, of which defendant had notice on the fifteenth of May, 1860.

The answer, among other defenses, plead as an offset a note of Collins for one hundred dollars, of which defendant became owner on the seventeenth of April, 1860, and claimed that Collins only worked on the boat from November 14th, 1859, until January 16th following. Judgment below for plaintiff for six hundred dollars—the wages from October to April—with interest from commencement of suit, less the amount of the note plead in offset.

Defendant appeals.

*Love,* for Appellant.

*Burbank,* for Respondent.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The law is well settled, that where a contract for service is made for a fixed period, if the employer discharge the servant before its termination without good cause, he is still liable, and the servant may recover the stipulated wages. In the present case, the steamer upon which Collins was employed as steward was laid up by the defendant in pursuance of a contract made by him to that effect with other parties; but the defendant did not notify Collins that he should no longer employ him, and Collins continued at all times ready to perform the service required by the contract. The mere laying up of the steamer did not of course terminate the relation of the defendant as employer, or release him from his obligations to the steward. And even had he discharged the steward, his liability would have continued, there having been no good cause arising from the latter's conduct for the proceeding. There is no merit in the appeal, and the judgment is affirmed with ten per cent. damages.