SHIRLEY v. BOARD OF TRUSTEES OF COTTONWOOD
SCHOOL DISTRICT et al.

No. 14,348; November 10, 1892.

31 Pac. 365.

**Mandamus will not Lie to Compel School Trustees,** who have
wrongfully dismissed a teacher before the completion of her contract,
to issue an order for the full amount of her salary, where no demand
was made on them.

APPEAL from Superior Court, San Benito County; James
F Breen, Judge.

Application by Ada Shirley for a writ of mandamus to
compel the board of trustees of Cottonwood school district,
and E. Moore and others as members, to issue an order for
the balance of salary alleged to be due her as a school teacher.
A judgment was entered that plaintiff was entitled to a per-
emptory writ, and defendants appeal. Reversed.

M. T. Dooling for appellants; Briggs & Hudner for re-
spondent.

BELCHER, C.—This is an appeal by the defendants from
a judgment awarding the plaintiff a peremptory writ of man-
date, and the case is brought here for review on the judgment-
roll. The court found the facts of the case to be in substance
as follows: In July, 1890, the defendants were the duly
elected, qualified, and acting trustees, and constituted the
board of trustees of Cottonwood school district in San Benito
county. The plaintiff was a duly qualified school teacher
and on July 1, 1890, was employed by the defendants to teach
the pupils of the Cottonwood school for the term of four
months, commencing on the fourteenth day of that month. She
was to receive, and agreed to accept, for her services $60 per
month, payable monthly by orders drawn by the board on the
county superintendent of schools. At the time named she
entered upon the performance of her duties as such teacher,
and continued to teach the school until August 23d, a period
of six weeks, when the defendants, as such board of trustees,

wrongfully and without cause discharged and dismissed her from the school, and prevented her thereafter from teaching the school, and completing her part of the contract. She was ready, willing, able, and competent to teach the school and complete her contract, and repeatedly offered to do so, but the defendants, as such board of trustees, prohibited and prevented her from occupying the schoolhouse and teaching the school after the 23d of August. On August 23d, a majority of the board proposed to her that she teach the school two weeks longer, if at the end of the two weeks she would resign her place as teacher. She assented to this proposition, but demanded as a condition of her resignation that she be paid her salary for the full term of four months. The board refused to pay the full amount, but drew an order in her favor for the sum of $90, the same being in full payment for the time she had already taught. "No demand was made by plaintiff on defendants after the expiration of said four months, nor was any demand for the full term's salary made by her, other than as a condition for her resignation, as above set forth, and such demand was made on August 23, 1890." "Said discharge of plaintiff was for the alleged cause of incompetency as a teacher, and for cruel and unusual punishment of a pupil, but plaintiff was during all of said time competent as a teacher, and performed and fulfilled her duties properly as such, and did not punish said child either in a cruel or unusual manner, nor for any purpose except for just cause, and to a moderate extent, but said board of trustees in discharging plaintiff acted under the honest belief that plaintiff had punished the child excessively, and in a cruel and unusual manner." The court further found that the sum of $150 was due the plaintiff, and unpaid, for the balance of her salary under her contract, and as conclusions of law: "That plaintiff by the wrongful acts of defendants in ignoring the contract, and expelling plaintiff from said school, was exonerated from making formal demand for the issuance of an order on the superintendent of schools. That plaintiff is entitled to the peremptory writ of mandate compelling defendants, as said board of trustees, to issue to plaintiff the order upon the said superintendent of schools of San Benito county for the sum of one hundred and fifty dollars, but without costs." Judgment was accordingly so

entered. It is alleged in the complaint, and not denied, that, notwithstanding the action of the trustees in discharging her, plaintiff entered another house within the school district, and convenient for the pupils living therein, and taught the pupils of the district continuously from the time of her discharge up to October 31st, making full four months' service as a teacher, and thus fulfilling her contract. It is also alleged "that at the expiration of said four months plaintiff demanded of and from said defendants, the said board, that they issue to her the order for the amount due to her upon the county superintendent for payment thereof, but said board refused, and still refuses, to issue said order, or to pay the same, or any part thereof." And it is said in the brief filed on behalf of respondent that such a demand was in fact made. The allegation was, however, denied by the answer, and the finding upon it cannot therefore be controverted here. Upon the facts shown it is entirely clear that respondent was entitled to full payment for her four months' service; for, as said in Webster v. Wade, 19 Cal. 291, 79 Am. Dec. 218, "the law is well settled that where a contract for service is made for a fixed period, if the employer discharge the servant before the termination, without good cause, he is still liable, and the servant may recover the stipulated wages." The appellants, however, contend—and this is the only point made for a reversal of the judgment—that the respondent was not entitled to the relief demanded, for the reason that no express demand was made upon them to perform the act sought to be enforced before the proceedings were instituted. This point seems to be well taken. In People v. Romero, 18 Cal. 90, the court, by Field, C. J., said: "To authorize a mandamus it must appear not only that the performance of the act, to enforce which the writ is asked, is a duty resulting from the office, trust, or station of the party to whom the writ is to be directed but that the performance has been requested and refused." And the learned justice then quoted with approval from Tapp, Mand., as follows: "It is an imperative rule of the law of mandamus that, previously to the making of the application to the court for a writ to command the performance of any particular act, an express and distinct demand or request to perform it must have been made by the prosecutor to the defendant, who must have refused to comply with such demand,

either in direct terms, or by conduct from which a refusal can be conclusively implied; it being due to the defendant to have the option of either doing, or refusing to do, that which is required of him, before an application shall be made to the court for the purpose of compelling him." This language was again quoted with approval in Oroville & V. R. Co. v. Plumas County, 37 Cal. 362, and the same rule was declared in Price v. Land Co., 56 Cal. 434. The rule thus declared seems to be general, and to apply to all cases, except when the thing to be done is a duty to the public in which the petitioner has no special interest. "In such case," it has been said, "the law itself stands in lieu of a demand, and the omission to perform the required duty in place of a refusal": High on Extraordinary Legal Remedies, sec. 13. The court below based its conclusion, as we have seen, upon the fact "that plaintiff, by the wrongful acts of defendants in ignoring the contract, and expelling plaintiff from said school, was exonerated from making formal demand." But we do not think this conclusion can be sustained. We advise that the judgment be reversed and the cause remanded for a new trial.

We concur: Haynes, C.; Temple, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded for a new trial.