[S. F. No. 171.   Department One.—May 21, 1896.]

N. J. STONE, RESPONDENT, v. H. H. BANCROFT, APPELLANT.

EMPLOYMENT — AGREED SALARY — CONDITIONAL INTEREST IN BUSINESS — CONSTRUCTION OF CONTRACT—PARTNERSHIP—CORPORATION—LIABILITY OF EMPLOYER.—A contract by the exclusive owner of a business for the services of an employee under an agreed salary of three hundred and fifty dollars a month, which also assigns to the employee one-tenth interest in the business, which was proposed to be conducted by a corporation in which the employee was to have one-tenth of the stock, and which makes his interest conditional upon ten years' faithful and exclusive service in the matter of the employment, and to be forfeited and revert to the employer upon breach of the condition, provided that in case of his death after faithful service, and before the expiration of five years, one-half of such interest should go unconditionally to his heirs, is a contract of employment, and does not constitute a partnership

between the parties, or make the agreed salary depend on the profits of the business, and the employer is personally liable upon the contract of employment, notwithstanding the incorporation.

ID.—ACTION UPON CONTRACT—FAILURE OF SERVICE—READINESS TO PERFORM.—In an action upon a contract of employment at an agreed monthly salary for a fixed period, where it appears that there was no discharge from the employment, but that there was a failure of service owing to the fault of the employer, notwithstanding the employee was ready and willing to perform the contract, it is no defense that the plaintiff did not perform his duties thereunder, but the contract of employment is binding, and the agreed salary may be collected by the employee.

ID.—REMEDY UPON CONTRACT OF EMPLOYMENT—DISCHARGE OF EMPLOYEE —NONPERFORMANCE—PREVENTION.—In case of breach of a contract of employment by discharge of the employee, the proper remedy is an action of damages for such breach; but, where the employee is not discharged, and does not voluntarily leave the employment, or relinquish his claims under the contract, an action will lie upon the contract in favor of the employee for the agreed salary, notwithstanding his nonperformance of the agreed services, where such nonperformance was owing to the failure or neglect of the employer to furnish continuous employment, or to his prevention of performance by the employee.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. JOSEPH P. JONES, Judge.

The facts are stated in the opinion of the court.

*Edward J. McCutcheon*, for Appellant.

After the proposed incorporation was completed the salary was to be paid by the corporation; and, prior to the incorporation, the parties were partners under the contract. (Civ. Code, sec. 2395; *Bloomfield* v. *Buchanan,* 13 Or. 108; *Richards* v. *Grinnell,* 63 Iowa, 44; 50 Am. Rep. 727; *Weaver* v. *Upton,* 7 Ired. 458.) The plaintiff did not perform the contract, and cannot recover salary thereunder, no damage being alleged; nor can he recover for constructive service. (Wood's Master and Servant, 254; *Howard* v. *Daly,* 61 N. Y. 362; 19 Am. Rep. 283; *James* v. *Allen County,* 44 Ohio St. 226; 58 Am. Rep. 821; *Decamp* v. *Hewett,* 11 Rob. (La.) 290; 43 Am. Dec. 205.) Plaintiff was not justified in quitting the service on account of annoyance. (*De Camp* v. *Stevens,* 4 Blackf. 24; *Henderhen* v. *Cook,* 66 Barb. 21; *Marsh* v. *Rulesson,* 1 Wend. 514.)

*Reddy, Campbell & Metson,* for Respondent.

The contract was one of employment. (Civ. Code, sec. 1965.) The contract is between Stone and Bancroft, and Bancroft is responsible as employer, no matter whether Bancroft or the History Company received the benefit. (Civ. Code, sec. 1965; Addison on Contracts, sec. 38; *Craig* v. *Fry,* 68 Cal. 363.) The readiness of plaintiff to perform was sufficient performance, and defendant was liable for ·the agreed salary. (*Webster* v. *Wade,* 19 Cal. 292.)

GAROUTTE, J.—This action is brought to recover upon a written contract for fourteen months' salary, at the rate of three hundred and fifty dollars per month, commencing upon January 1, 1892. The verdict of the jury was in favor of plaintiff, and defendant appeals from the judgment and order denying his motion for a new trial.

A general demurrer was interposed to the complaint, and also a special demurrer to the point that the complaint was ambiguous, uncertain, and unintelligible in various particulars. The consideration of this demurrer leads us to an examination of the contract made by these parties, for that contract is set out in full in the complaint. The material parts thereof recite:

" This agreement, made in San Francisco, California, by H. ·H. Bancroft and N. J. Stone, witnesseth: That in consideration of the valuable services done by the said Stone in conducting the publication and sale of the historical works of the said Bancroft, the business formerly being conducted as the Bancroft Works Department of A. L. Bancroft & Co., but now being done and shortly to be incorporated under the laws of California as the History Company, the said Bancroft ·hereby sells and assigns to the· said Stone a one-tenth interest in the said History Company, plates, paper, stock, money, outstanding accounts, or other property of said company, upon the following conditions:

" The said N. J. Stone is to devote his whole time and

best energies, so far as his health and strength shall permit, for a period of not less than ten years from the date of this agreement, to the publication and sale of the historical works of H. H. Bancroft, and of such other works, and conduct such other business as may be from time to time taken up and entered into by said History Company; the said Stone agrees not to enter into or engage in, directly or indirectly, any other mercantile or manufacturing business, or any other business or occupation which shall in anywise absorb his mind and strength, or interfere with his interest or efforts on behalf of the said History Company during the said term of ten years.

"Upon the incorporation of the History Company one-tenth of the whole number of shares shall be issued and delivered to the said N. J. Stone, but should the said Stone fail in anywise to carry out this agreement, or any part thereof, in its full letter and spirit, then the said one-tenth interest in the said History Company shall be forfeited and revert to the said H. H. Bancroft; provided, and it is distinctly understood and agreed, that in case of the death of the said N. J. Stone before the expiration of five years from the date of this agreement, the said Stone having fulfilled all the conditions of this agreement up to that time, then one-half of the said one-tenth interest of the said Stone in the History Company shall go to his heirs, and be their property unconditionally. The salary of the said Stone shall be three hundred and fifty dollars a month."

We think the only fair interpretation to be given this contract is that Bancroft was to pay Stone three hundred and fifty dollars per month for his services. There is but a single theory that can be advanced looking to a contrary construction, and that is to the effect that this contract between Bancroft and Stone constituted them partners (Stone possessing a one-tenth interest in the partnership), and that, consequently, the salary of said Stone was to be paid by the partnership. Upon a mere cursory examination of the contract, it is plainly evi-

dent that it does not, and was never intended to, create a partnership between these two parties. This is patent from the fact that it was contemplated in the writing itself that in the near future the "History Company" was to be incorporated. It is doubly apparent when we consider that the one-tenth interest in the property given by Bancroft to Stone failed to vest any absolute title in him, but was dependent upon conditions, and liable to be forfeited and revert to Bancroft at any moment. That Stone had no such interest in this business as to constitute him a partner is further made plain when we look at the provision of the contract wherein it is expressly stipulated that if Stone should die within five years from its date, then only one-half of the one-tenth interest should pass to his heirs. To hold these parties partners under the agreement would make Stone's salary dependent upon the profits of the business. There is nothing contained therein to indicate any such intention, and it is certainly not so provided. We conclude that the contract should be construed as a contract of hiring of Stone by Bancroft at an agreed price of three hundred and fifty dollars per month. There are no other matters of law raised by the demurrer of sufficient importance to demand our attention.

Within a few months after the aforesaid agreement was entered into, the History Company was incorporated with a capital stock of one hundred shares, ten of which were issued to Stone, in pursuance of the agreement, and he was thereupon elected vice-president of the corporation. Prior to the agreement with Stone, and the subsequent incorporation, Bancroft was the sole owner of the business, conducting it under the name of the History Company. For several years after incorporation the business progressed amicably and prosperously, and then differences arose; no salary was forthcoming, and this litigation resulted. It is now insisted by appellant, that during the fourteen months covered by this litigation, respondent is not entitled to

any salary, for the reason that he performed no service. It must be borne in mind that this action is not one for damages based upon the breach of a contract of hiring, but is an action based upon the contract itself, upon an express promise to pay, and, in this regard, the complaint was advisedly framed. For the evidence of both the plaintiff and defendant expressly shows that he, Stone, was never discharged from his employment; and, if he was hired for a term of ten years at a monthly salary, until he was discharged by his employer or voluntarily gave up the employment, we know of no legal reason why his employer's promise to pay is not binding and enforcable in an action at law.

The evidence may well be said to be conflicting as to the amount of work done by plaintiff during the term covered by the complaint, but the action of the jury followed by the decision of the trial court as to these matters is binding upon us. And even conceding that during a great portion of this time plaintiff was not working at all, yet, if he was ready and willing to work at all times if work had been offered, and no work was offered, and he had not been discharged, then the contract was in full force, and his right of action upon it cannot be gainsaid. It is no defense to an action upon the contract under such circumstances to say that plaintiff has not performed his duties thereunder. It was said in the early case of *Webster* v. *Wade*, 19 Cal. 292: "In the present case the steamer upon which Collins was employed as steward was laid up by the defendant in pursuance of a contract made by him to that effect with other parties; but the defendant did not notify Collins that he should no longer employ him, and Collins continued at all times ready to perform the services required by the contract. The mere laying up of the steamer did not, of course, terminate the relation of the defendant as employee, or release him from his obligations to the steward" (Collins). It was further said in that case that a discharge of the employee without cause did not defeat an action upon the contract. But it

would seem that in later years the true rule has been recognized to be that an action in damages for the breach is the proper remedy in such a case.

Bancroft was president of the corporation, and it is evident that neither he, nor the History Company, wanted the plaintiff to assist in the conduct of the business. At the same time plaintiff was not discharged, and there is evidence in the record to indicate that the intention of Bancroft was not to discharge him, but rather to make his position as an employee so unpleasant and disagreeable as to cause him to withdraw from the contract under which he began his labors. The many petty annoyances to which he was subjected by defendant can only be accounted for upon such ground. The reason for this course of conduct may possibly be found in a desire upon Bancroft's part to cause Stone's withdrawal from the firm without legal cause; for such withdrawal would have resulted in the forfeiture and reversion of Stone's stock to his benefit, as provided in the agreement. There is evidence in the record pointing in the direction indicated, but whatever may have been Bancroft's reason in not openly and directly discharging Stone, it is immaterial, for the fact remains that he was never discharged, and the further fact remains that he never voluntarily withdrew from the employment, or relinquished his claims under the contract, and those are the salient facts which justify this action. The many cases cited by appellant, holding that if a servant be wrongfully discharged his remedy is by damages upon the breach of the contract, have no weight here, for there is no discharge in this case.

The point is made that if plaintiff rendered service, such service was rendered to the History Company, and not to the defendant. While Bancroft and the History Company prior to its incorporation were actually one, and practically one after its incorporation, and thus service rendered to the History Company was, in effect, service rendered to Bancroft himself, still, in order to show the weakness of appellant's contention in this re-

spect, we are not even forced to that position.    It is in
no way material to this case to determine who received
the benefit of Stone's services.    He was hired by Ban-
croft to perform labor in the publication of certain lit-
erary works, and Bancroft was to pay his salary.    Stone
was to do this work under the contract, and whether
Bancroft or the History Company, or some one else, got
the benefit of his labor, is a matter immaterial, as not
bearing upon Bancroft's liability.

There are many exceptions taken to the rulings of the
trial court in the admission and rejection of evidence,
but upon an examination of them we find a majority
not well taken, and others, even if meritorious in the
abstract, still are of minor importance, and not prejudi-
cial.    Neither can we say that plaintiff violated his con-
tract by engaging in other business during this time.
That matter was fairly submitted to the jury upon the
evidence and the law, and a finding made against appel-
lant's contention.

Much complaint is made to the instructions given to
the jury as to the law of the case.    We will not review
many of them in detail, but, as fairly illustrative of ap-
pellant's position, we cite the following:.

1. If you find from the evidence that the said N. J.
Stone performed the services required of him by said
contract, or that he was willing and ready at the time,
and has continued willing and ready, and in the manner
required by said agreement, to perform said services,
but was prevented from doing so by the defendant or
under his directions, you should find in favor of the
plaintiff.

2. There is testimony tending to show that the plaintiff
was not discharged from employment under said agree-
ment, either by the defendant or the History Company.
Under this state of facts the plaintiff was simply bound
to hold himself in readiness to perform such services as
may have been required of him by the said defendant
or the History Company.    If you find from the evidence
that he was not required or allowed, by either the said

company or the said defendant, to perform any services, but held himself in readiness to execute the contract in accordance with its terms, such readiness to perform is equivalent to performance.

3. If you find from the evidence that the defendant, either by himself or in conjunction with others, prevented the plaintiff from discharging the duties required of him under the said contract, the defendant cannot complain of the nonperformance of acts or duties which he himself prevented, and the plaintiff in such case, and in so far as he was prevented from performing by the acts of the defendant, is entitled to the salary mentioned in the complaint, the same as if all the duties required by said contract had been performed.

Our views already expressed are in full accord with this law declared by the trial court.

Bancroft testified that Stone was not discharged, and counsel for appellant in his brief concedes that he was not discharged. There being no question of Stone's discharge from employment in the case, the contractual relation still existed between them, and Stone being ready and willing at all times to perform the services which he agreed to perform, he is in a position to rely upon the contract. The instructions quoted only cover this principle of law, and are entirely sound. There is no substantial merit in the other points made by appellant.

The judgment and order are affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.