[S. F. No. 2398. In Bank.—May 12, 1903.]

## N. J. STONE, Respondent, v. H. H. BANCROFT, Appellant.

Action for Services—Employment for Term of Years—Monthly Salary—Prevention.—Where the plaintiff was employed for a specified term of years at a monthly salary, and, without discharge from his employment, was prevented by the employer from fulfilling the contract, and was ready and willing to work at all times at the salary agreed, the monthly salary under the contract is at all times due and owing at the end of each month until fully paid.

Id.—Remedy for Prevention.—The remedy for the employee is to sue for the compensation agreed upon, and not for damages for breach of the contract.

Id.—Other Employment—Refusal of Instruction.—The fact that the employee, for a small portion of the time during which he was prevented from working, engaged in other work which did not interfere with any efforts to serve the defendant, does not constitute

a breach of contract on his part; and an instruction, requesting
that if plaintiff entered into or engaged directly or indirectly in any
mercantile or manufacturing business the verdict must be for the
defendant, was properly refused.

ID.—CONSTRUCTION OF CODE—LIMITATION OF TIME.—The limitation of
time in section 1980 of the Civil Code has no application to an action
by the employee to enforce the contract of employment, and is only
designed for his protection when the contract is sought to be en-
forced against him. It leaves him free to proceed under the contract
if he so elects.

ID.—QUANTUM MERUIT.—The provision that if the employee voluntarily
continues his services after the time limited the contract may be
referred to as affording a presumptive measure of the compensation
is intended to apply to an action by the employee upon a *quantum
meruit* for the reasonable value of his services, and to protect the
employer in such action.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court and of Com-
missioner Gray, and in the case of *Stone* v. *Bancroft,* 112 Cal.
542.

Edward J. McCutchen, Page, McCutchen & Eells, and Page,
McCutchen, Harding & Knight, for Appellant.

The acts of the parties were inconsistent with the continu-
ance of the relation of employer and employee, and show a
repudiation and termination of the contract, after which
Stone could have no claim for wages, but only for damages for
breach of the contract. (*Arnold* v. *Adams,* 49 N. Y. Supp.
1041; *Coy* v. *Martin,* 51 N. Y. Supp. 962; *Howard* v. *Daly,*
61 N. Y. 362; *Perry* v. *Dickerson,* 85 N. Y. 345;[1] *Fallon* v.
*Farber,* 62 N. Y. Supp. 742; *Ricks* v. *Yates,* 5 Ind. 115; *Rich-
ardson* v. *Machine Works,* 78 Ind. 422;[2] *Ætna Ins. Co.* v.
*Nexsen,* 84 Ind. 347;[3] *Hinchcliffe* v. *Koontz,* 121 Ind. 422;[4]
*Hamilton* v. *Love,* 152 Ind. 641;[5] *Pape* v. *Lathrop,* 18 Ind.
App. 633; *Fulton* v. *Heffelfinger,* 23 Ind. App. 104; *James*
v. *Allen County,* 44 Ohio St. 226;[6] *Olmstead* v. *Bach,* 78 Md.

[1] 39 Am. Rep. 663.                    [4] 16 Am. St. Rep. 403, and note.
[2] 41 Am. Rep. 584.                    [5] 71 Am. St. Rep. 384.
[3] 43 Am. Rep. 91, and note.          [6] 58 Am. Rep. 821, and note.

132.[1]) The contract was entire, and Stone, not being able to show a full performance, cannot recover. (*Hutchinson* v. *Wetmore*, 2 Cal. 310;[2] *Isaacs* v. *McAndrew*, 1 Mont. 437; Wood on Master and Servant, 2d ed., sec. 84; *Davis* v. *Maxwell*, 12 Met. 286; *Winn* v. *Southgate*, 17 Vt. 355; *McMillan* v. *Vanderlip*, 12 Johns. 165;[3] *Rice* v. *The Dwight Mfg. Co.*, 2 Cush. 80; *Reab* v. *Moor*, 19 Johns. 337; *Larkin* v. *Buck*, 11 Ohio St. 561; *Lantry* v. *Parks*, 8 Cow. 63; *Cockley* v. *Brucker*, 54 Ohio St. 214.) Under section 1980 of the Civil Code, plaintiff can only recover on a *quantum meruit* for services rendered. (*Bancroft* v. *Hambly*, 94 Fed. 975.)

Campbell & Metson, for Respondent.

This case is covered by the former decision. (*Stone* v. *Bancroft*, 112 Cal. 652.) There are no words showing an intention to discharge the plaintiff. (*Dexter* v. *Irvine*, 30 N. E. 987; *De Comp* v. *Stevens*, 4 Blackf. 24; *Marsh* v. *Ruleson*, 1 Wend. 514; *Dingley* v. *Oler*, 117 U. S. 490.) There was no breach of the agreement on plaintiff's part, as no loss would have resulted from his action, even if defendant had allowed him to continue his services. (*Hermann* v. *Littlefield*, 109 Cal. 430; *Shoemaker* v. *Acker*, 116 Cal. 239.) The salary being payable monthly, the contract is not entire as to compensation. (1 Am. & Eng. Ency of Pl. & Prac., pp. 15-45, notes 1, 3; *Stone* v. *Bancroft*, 112 Cal. 657; *Richmond* v. *Dubuque and Sioux City Ry. Co.*, 33 Iowa, 422; *Clay Commercial Tel. Co.* v. *Root*, 4 Atl. Rep. (Pa.) 828.) Section 1980 of the Civil Code does not preclude recovery in this action on the contract.

ANGELLOTTI, J.—This action is brought to recover upon a written contract for seven months' salary, at the rate of $350 per month, commencing September 1, 1893. The plaintiff obtained a verdict and judgment for the full amount claimed, and the defendant appeals from the judgment and order denying his motion for a new trial. This court in department having affirmed such judgment and order, a rehearing was granted. The contract upon which this action is commenced is the same one involved in a former action brought by this plaintiff against this defendant for salary for a former

---

[1] 44 Am. St. Rep. 273.          [3] 7 Am. Dec. 199.
[2] 56 Am. Dec. 337.

period of service, in which plaintiff recovered judgment, which judgment was affirmed by this court. (*Stone* v. *Bancroft,* 112 Cal. 652.) We are convinced, upon a more thorough examination of the record, that if this court adheres to the views expressed in its decision in the former case, the judgment and order must be affirmed. The only difference apparent as to the facts is, that in the former case there were some services rendered by plaintiff under the contract during a small portion of the time covered by the action, while there was no work at all done by him during the period embraced in this action. That difference is, however, immaterial under the rule laid down in the former case, that, "even conceding that during a great portion of this time plaintiff was not working at all, yet, if he was ready and willing to work at all times if work had been offered, and no work was offered, and he had not been discharged, then the contract was in full force, and his right of action upon it cannot be gainsaid." Upon this branch of the case we are satisfied with the views expressed in the commissioner's opinion. We are also satisfied that the jury were warranted in their conclusion that there had been no substantial breach of the contract on plaintiff's part, and that the instruction requested by appellant, to the effect that if plaintiff entered into or engaged in, directly or indirectly, any mercantile or manufacturing business, the verdict must be for the defendant, was properly refused. It is also very clear that the monthly salary was, under the contract, due and owing at the conclusion of each month. It is contended that under section 1980 of the Civil Code, noted in the commissioner's opinion, no action can be maintained on the contract by an employee for any services rendered after the expiration of two years from the time when the employment commenced. It was not necessary for defendant to plead this statute as a defense, but we are of the opinion that it is not applicable to the case at bar. The statute does not in terms provide that the employee may not recover on the contract for any services rendered after the expiration of two years. The language is clear and explicit that it cannot be enforced *against the employee* beyond the two years, and it was manifestly for his protection that the statute was enacted. It leaves him at liberty to proceed *under the contract,* if he so elects. The last

CXXXIX. Cal.—6

sentence of the section upon which counsel relies in his contention, that for all services rendered after the expiration of two years the employee must bring his action upon a *quantum meruit,* was inserted in the statute for the protection of the employer, so that if the employee, disregarding the contract, brings his action for the reasonable value of his services, as he undoubtedly has the right to do, the employer may avail himself of the terms of the contract as to compensation, as presumably fixing the value of such services. If the legislature had intended that the contract should not be enforceable against the employer after two years, it is reasonable to assume that such intent would have been shown by language as clear and definite as that used in regard to the employee.

The judgment and order are affirmed.

Van Dyke, J., Lorigan, J., McFarland, J., and Henshaw, J., concurred.

The following is the opinion rendered in Department One, December 18, 1902, referred to in the opinion of the court in Bank:—

GRAY, C.—This action was brought to recover a salary of $350 per month for seven months from September 1, 1893, to April 1, 1894, amounting in the aggregate to $2,450. The plaintiff obtained a verdict and judgment for the full amount claimed. The defendant appeals from the judgment and from an order denying him a new trial.

The action is based on a written agreement made between the parties to the suit on August 20, 1886, in which plaintiff, Stone, agreed to devote ten years, beginning with that date, to the publication and sale of the historical works of defendant, Bancroft, at a monthly salary of $350, and defendant agreed to employ him on those terms. Suit was maintained for a former period of service under this same contract, and the judgment in plaintiff's favor affirmed in *Stone* v. *Bancroft,* 112 Cal. 652. Reference is here had to that case for a fuller statement of the contract here in suit. It is settled by that case that the contract is one for personal services, and not a partnership agreement.

1. It is contended by appellant that in this suit the plain-

tiff has mistaken his remedy; that the defendant discharged plaintiff from his service; and that, consequently, if plaintiff has any cause of action at all, it is one for breach of the contract, and not one for services under the contract. But appellant fails to call our attention to any declaration or other act of defendant which amounted to an unequivocal discharge of the plaintiff from further employment. To be sure, it appears that plaintiff was prevented from working at all during the period covered by the present suit, by the defendant; but it is one thing to prevent a party from laboring, and quite a different thing to discharge him from all further employment.

In the former instance the contract need not be treated as broken, but the party, though he has performed no labor under it, may sue on the contract and recover the agreed compensation. In the latter instance there is an unequivocal breach of the contract to employ for a specified time by the employer, and the suit should be as for a breach of the agreement to employ. All of which is clearly laid down and illustrated in *Stone* v. *Bancroft*, 112 Cal. 652. The same principle is stated in *Dingley* v. *Oler*, 117 U. S. 490. The plaintiff testified that he was not discharged, and stated what was said and done to prevent him from working, and on his evidence the jury based their verdict in his favor, and thus it was impliedly found that he was not discharged, and we think the evidence warranted the finding. If the defendant desired to discharge the plaintiff, he should have told him that he was discharged. Instead of doing this, he seems to have adopted a course by which, if he was sued for a breach of the contract, he might plausibly say: "You have mistaken your remedy. I did not discharge you." And if, on the other hand, the suit should be on the contract, he might say: "You should have sued as for a breach of the contract, for I discharged you, and thus broke my agreement." Where it is admitted that the plaintiff is entitled to recover in some form of action this court will not be overnice in its distinctions as to what form should be pursued. On the circumstances presented we decline to interfere with the judgment on any theory of mistake as to remedy. The law touching this point is clearly laid down in the former case of *Stone* v. *Bancroft*, 112 Cal. 652, and need not be again repeated. The evidence showing that there was no discharge is fully as strong here as it was in that case, and there it was

conceded by appellant that there was no discharge, but it was contended that Stone had withdrawn from the contract and abandoned the employment.

2. The evidence tended to show that plaintiff, during a small portion of the period covered by the suit, assisted another in the publication and sale of a medical book entitled "Femina," and it is contended that this was a violation of plaintiff's contract "to devote his whole time" to the historical works of Bancroft. It appears that Stone was at all times ready and willing to fully perform his contract with Bancroft, but was prevented from so doing. He was left, then, either to remain idle or work at something else. This work did not "interfere with his efforts on behalf of the said History Company." Bancroft was in no way injured by Stone working at something else when he was not permitted to work under the contract, and cannot be heard to complain thereat. What plaintiff did in connection with the "Femina" publication did not, therefore, constitute a substantial breach of his contract with appellant, and the jury were warranted in their conclusion to that effect. (*Hermann* v. *Littlefield,* 109 Cal. 430.) This same question, on practically the same evidence, was passed on adversely to appellant's contention in the former case of *Stone* v. *Bancroft,* 112 Cal. 652.

3. Appellant's next contention is, that by the terms of the contract plaintiff could recover nothing until the expiration of the ten years' service contemplated by said contract. There is no merit in this contention. This was a contract of hiring for the period of ten years, with compensation fixed at $350 per month, and that amount was due and owing at the conclusion of each month's service. There is nothing in the contract to indicate an intention as to the times of payment otherwise than as above stated.

4. Appellant's last contention is based on section 1980 of the Civil Code, which provides as follows: "A contract to render personal service, other than a contract of apprenticeship, as provided in the chapter on Master and Servant, cannot be enforced *as against the employee* beyond the term of two years from the commencement of service under it; but if the employee voluntarily continues his service under it beyond that time, the contract may be referred to as affording a presumptive measure of the compensation."

There is nothing in this contention, because,—1. The statute was not pleaded; and 2. It would not have been a bar or defense to this action if it had been pleaded.

The judgment and order should be affirmed.

Haynes, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Harrison, J., Van Dyke, J.