[Civ. No. 378. Second Appellate District.—September 23, 1907.]

ERNEST SEXTON, Respondent, v. HAROLD A. RICH-
ARDSON, Appellant.

CONTRACT OF EMPLOYMENT—PERSONAL SERVICES—REPAIRS OF PREM-
ISES—CONSTRUCTION—PREVENTION OF PERFORMANCE—EVIDENCE.—
In an action upon a written contract of employment of the personal
service of the plaintiff for the defendant, as foreman and landscape
gardener, at a fixed salary, by which the plaintiff was required
to give his whole time and attention to the work, and to keep
the premises and the roads therein in perfect repair, the latter
obligation can only reasonably be construed to mean such repairs as
would result from the personal efforts of the plaintiff properly
directed, and under an issue as to performance, and a defense of
damages for nonperformance of the contract for repairs, evidence
is admissible for the plaintiff to show· that the omission fully to
perform was occasioned by defendant's acts in requiring labor out-
side of his employment, so as to render full performance of the
contract for perfect repair of the premises impossible.

ID.—INSTRUCTION PROPERLY REFUSED.—In such case the court prop-
erly refused to instruct the jury that if plaintiff was prevented
by defendant from devoting his entire time and skill to the prosecu-
tion of the work, or that he assumed at defendant's request other
duties which interfered with his employment, still he would not be
absolved from carrying out the terms and provisions of the contract.

APPEAL from a judgment of the Superior Court of Santa
Barbara County. Felix Ewing, Judge presiding.

The facts are stated in the opinion of the court.

Henley C. Booth, for Appellant.

W. P. Butcher, for Respondent.

ALLEN, P. J.—Action on a contract. Judgment for plaintiff, from which defendant appeals upon a bill of exceptions.

The contract between the parties was in writing, and was one for employment at a fixed salary. The services to be rendered by plaintiff to defendant were those of foreman and landscape gardener; plaintiff to take charge of the property of the defendant and give his whole time and attention to the work, and plaintiff stipulated that he would keep in perfect repair the premises and the roads and highways on such premises. The plaintiff, in addition to his salary, was to be furnished with a house in which to live, a horse and vehicle for his personal use, and a cow for the use of his family. The term of employment was to extend from April 24, 1905, to the corresponding day of the succeeding year. It is averred by plaintiff that he duly performed all of the obligations of the contract imposed upon him, but that he was discharged by defendant without cause, to his damage in the sum of $400; that, in addition, the consequent outlay for a house for his family, and for a horse and buggy for the unexpired term of employment, aggregated $190; and, in addition, $88 of salary earned before his discharge was unpaid; on account of all of which a judgment was asked in the sum of $678.

The defendant by his answer raised an issue as to the discharge without cause and as to the amount of damage, and by way of counterclaim averred that by reason of the failure of the plaintiff to carry out his part of the contract defendant was damaged in the sum of $750. The jury found in plaintiff's favor and returned a verdict for $566, upon which judgment was rendered.

The first point argued upon the appeal is: That the court erred in admitting testimony on the plaintiff's part that, while he had not kept the premises in perfect repair, yet the omission in that regard was occasioned by the defendant's acts in requiring the performance of work and labor outside of his employment which so occupied the time of plaintiff that he was not able to fully keep the premises and roads in perfect repair, and by the fact that to keep the premises in perfect repair required work and labor in addition to that possible by plaintiff's personal efforts, it being insisted that, the complaint alleging full performance, no evidence was admissible justifying the nonperformance. The employment was

for personal services, and not a general contract to perform certain work according to specifications or design. A reasonable construction of the contract can only be that the parties intended that the whole of plaintiff's time and skill should be devoted to the work, and the obligation to keep the premises in perfect repair could only mean such repair as would result from the personal efforts of the plaintiff, properly directed. The allegation of performance, therefore, related to plaintiff's having devoted his skill and attention to the work. That he did this, except when prevented by defendant, is clearly established. That the results hoped for and promised were not attained might be explained by showing that defendant himself was responsible and that it was not possible of performance under the terms of the contract. Mere difficulty of performance, or improvidence in entering into the contract, with full knowledge of all the facts, is not involved.

The second question presented relates to the refusal of the court to give to the jury an instruction asked for by the defendant. This instruction embodied the proposition that if plaintiff was prevented by defendant from devoting his entire time and skill to the prosecution of the work, in that he assumed at defendant's request other duties which interfered with his employment, still he would not be absolved from carrying out the terms and provisions of the contract. Under our construction of the contract, which is that it is one of employment merely, we approve the action of the trial court in refusing such instruction.

An examination of the record discloses no prejudicial error, and the judgment is affirmed.

Taggart, J., and Shaw, J., concurred.