[Civ. No. 1289. First Appellate District.—March 16, 1914.]

R. E. PARR, Appellant, v. JOHN DOE BAER et al., Respondents.

MASTER AND SERVANT—DISCHARGE OF EMPLOYEE DURING TERM—FORM OF REMEDY.—Where an employer writes a letter discharging an employee during the term of his employment, but subsequently gives him employment on his insistence that he is not discharged, and thereafter finally discharges him before the expiration of the term, the employee may maintain an action for the salary due upon the contract of employment after such discharge, rather than an action for damages by reason of his discharge, under the rule permitting an employee to recover in an action for his salary due upon his contract of employment whenever there is room for a reasonable doubt as to which form of remedy he should seek.

ID.—FORM OF ACTION—TRIAL ON MERITS—ADHERING ON APPEAL TO THEORY BELOW.—If the action is treated upon the trial as one to recover what was actually and justly due the plaintiff without respect to the form of the action, and is thus tried on its merits, the judgment for the plaintiff should not be reversed on appeal for any alleged defect in form in no way affecting the merits of the case.

APPEAL from a judgment of the Superior Court of Alameda County. ˙F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

H. C. Schaertzer, and D. Hadsell, for Appellants.

L. S. Melsted, and Fabius T. Finch, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in plaintiff's favor for the sum of $418.31 and costs of suit, in an action brought to recover said sum, alleged to be due as

salary under a contract for the employment of plaintiff by the defendants for one year.

The defense presented by the defendants at the trial, and urged here as the principal ground for reversal of the judgment, is that the plaintiff was discharged by defendants during the term of said contract; and that this being an action for the salary due upon the contract of employment after such discharge, instead of an action for damages by reason of his discharge, the plaintiff was not entitled to recover in this case, but should be relegated to his remedy in the appropriate form of action.

The facts constituting and surrounding the alleged discharge of the plaintiff and his admitted employment are substantially these: The defendants are a firm of New York merchants selling goods in California through orders taken by traveling agents, of which the plaintiff became one under a written contract of employment for a year, dated March 22, 1909. Not long after his engagement the plaintiff began receiving letters from the defendants urging greater efficiency, and complaining as to the number and value of orders taken. On May 17, 1909, the plaintiff received a letter from the senior member of the firm reiterating these complaints, and saying in the course of their recital, "Under these circumstances we regret that we have to discharge you." The letter ended with a request that the plaintiff would return the seventy dollars expense money "you have now on hand." To this letter the plaintiff replied, calling the attention of the firm to his contract of employment for one year, and declaring that he had fully carried it out on his part, and stood ready and willing to fulfill it to its completion, and closing with the statement, "I cannot therefore accept such discharge as named in your letter, and await your further instructions." To this letter the plaintiff received no reply, and hence on June 21, 1909, sent another letter to the defendants, inclosing a copy of the former one, and again repeating that he stood ready and willing to fulfill his contract, and awaited their instructions. To this letter the plaintiff received a reply from another member of the firm, stating that "Mr. Max Baer, who dismissed you from our employ, is at present in Europe, and we therefore must stand by his discharge. We, however, are prepared to give you another test and try you once again, but only on con-

dition that our contract of March 22 is considered null and void; and if your further efforts prove satisfactory we will endeavor to influence our Mr. Max Baer to reinstate you." To this letter the plaintiff wrote a reply, expressing his inability to see any reason why the contract should be altered or abrogated, and ending, "You are again advised that I am still in your employ and await your instructions." To this letter the plaintiff received from Mr. Max Baer a reply, stating that "The firm will consent to give you another show, and should you make good nobody will be more pleased than ourselves"; and ending, "Take the San Francisco trade thoroughly in hand and try to do the right thing for the house you represent." In October the plaintiff was discharged; whereupon he brought this action upon his contract to recover his salary during the period of the above correspondence.

It is the appellants' contention that it appears from the foregoing facts and correspondence that the plaintiff was unequivocally discharged by the defendants on May 22, 1909; and hence that his only available remedy was by an action for damages for the breach of his contract of employment by his discharge; and this not being that form of action he cannot recover.

From the foregoing facts and correspondence, however, we are not prepared to say that the plaintiff was bound to consider his alleged discharge of May 22d to be either unequivocal or final. He evidently did not so consider or accept it, even though in one of his replies he did speak of it as a discharge; and since his insistence that he was not discharged resulted in the apparent withdrawal of the defendants from their position, and in the continuance of the plaintiff in his employment under his contract, we think this case comes fairly within the rule laid down in the cases of *Stone* v. *Bancroft,* permitting a plaintiff to recover in an action for his salary due upon his contract of employment whenever there is room for a reasonable doubt as to which form of remedy he should seek. (*Stone* v. *Bancroft,* 112 Cal. 652, [44 Pac. 1069; *Stone* v. *Bancroft,* 139 Cal. 78, [70 Pac. 1017, 72 Pac. 717].) And we are all the more inclined to apply the rule to this case since it appears that the whole subject of plaintiff's effort and ability to find other employment during the period of interruption was gone into on the trial; and since the court reduced the

amount of the plaintiff's recovery in the sum of fourteen dollars shown to have been earned by him in some other work during that period. The action having been thus treated upon the trial as one to recover what was actually and justly due to plaintiff without respect to the form of the action, we think the reasoning of Mr. Justice McFarland in the case of *Kurtz* v. *Forquer* is capable of exact application to the case at bar; and that the case having been tried upon its merits without regard to its form, the judgment should not be reversed for any alleged defect in form in no way affecting the merits of the case. (*Kurtz* v. *Forquer,* 94 Cal. 91, [29 Pac. 413].)

The judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.