[L. A. No. 9516. In Bank.—May 16, 1929.]

MILLSON WM. DOWNS, Respondent, v. LULU ATKINSON, as Executrix, etc., Appellant.

James S. Jarrott and John T. Gose for Appellant.

260

Meserve, Mumper, Hughes & Robertson and Harry W. Hanson for Respondent.

PRESTON, J.—The judgment is affirmed and we justify this action as follows:

The suit is upon three disallowed claims against the estate of appellant's intestate. Plaintiff had judgment in the sum of $4,491.19, interest and costs. The attack by appeal is upon the judgment as a whole; hence it is not necessary to consider the items that make it up.

The basis of the suit is a contract dated March 29, 1921, between plaintiff and the decedent, wherein decedent agreed to pay plaintiff ten per cent of the net profits received from a contract held by him for the construction of a section of the California state highway between Mojave and the Los Angeles county line, this payment to be made to respondent upon the proviso that he give his "entire time to the work in such capacity" as decedent "shall determine and direct." A further proviso was that plaintiff should advance to decedent $5,000 without interest, said sum to be repaid him at the time of final cash settlement in full upon the completion of said public work. It was further agreed that plaintiff should be credited with $100 per month during the life of the road contract, the amount due to be paid upon final settlement and, lastly, decedent agreed to pay respondent's expenses and to purchase his Ford automobile for the sum of $350, likewise payable upon final settlement of the contract.

The complaint, among other things, charged "that plaintiff complied with all and singular the provisions of said contract to be kept and performed by plaintiff, giving his entire time to the work contemplated by said contract as determined and directed by said Lynn S. Atkinson. . . ." The answer denied "that plaintiff complied with all the provisions of said contract to be kept or performed by him"; denied "that plaintiff gave his entire time to the work contemplated by said contract as determined and directed by said Lynn S. Atkinson," but, on the contrary, defendant averred therein "that in compliance with said order (an order alleged to have been given by the state highway engineer), and by reason of plaintiff's incompetence, inefficiency, improper conduct and inability to perform his duties

as aforesaid, and in order that said Lynn S. Atkinson might fulfill his said contract with the California Highway Commission, the said Lynn S. Atkinson did discharge plaintiff and relieve him from all duties in connection with said work on or about October 1st, 1921. Thereafter plaintiff performed no services whatsoever in connection therewith.''

The court made findings supporting in all respects the above allegations of the complaint and against the general and special allegations above quoted from the answer. The evidence showed that fourteen months were required for completion of the work and plaintiff worked for only about the first six months upon this particular road work; decedent then directed him to go elsewhere to seek information as to other work and similar contracts for highway construction for the joint account of himself and decedent. The court specifically found that plaintiff was never discharged from his employment, but, on the contrary, was ready and willing at all times to obey and did obey the directions of decedent.

The whole contention for reversal is contained in appellant's assertion that the proofs are at variance with the allegations of the complaint. This, she says, arises because the complaint mainly counts upon full performance of the contract, whereas the proofs show only a part performance and, at most, an excuse for nonperformance. Appellant cites cases regulating the pleadings where performance is not shown but an excuse for nonperformance is relied upon. This principle is to the effect that where a party does not perform a contract but relies upon the consent of the defendant as an excuse, he must set up these facts in his complaint. (*Daley* v. *Russ*, 86 Cal. 114, 116 [24 Pac. 867]; *Estate of Warner*, 158 Cal. 441, 445 [111 Pac. 352]; *Krotzer* v. *Clark*, 178 Cal. 736–739 [174 Pac. 657], and the recent case of *Kirk* v. *Culley*, 202 Cal. 501, 505 [261 Pac. 994].) Respondent, on the contrary, contends that this rule is inapplicable and that in point of fact respondent did perform all covenants and conditions on his part to be kept and performed under this contract; that all he was required to do was to be able, ready and willing to perform such work at such time and such place and in such capacity as decedent might "determine and direct."

The question really is, then: Is the fact that plaintiff did not perform all the work contemplated by the contract

upon this particular portion of the highway to be considered a failure to perform within the rule of pleading relied upon? It seems that the essence of performance under the contract was to be ready and willing to perform such work at such place and in such capacity as decedent should determine and direct and that he determined and directed that plaintiff work part of the time elsewhere, which was done. Plaintiff was at no time discharged. The fact that his work may have been unsatisfactory to the engineer of the highway commission and that for this reason decedent directed him to work elsewhere does not alter the situation so long as decedent retained respondent in his employment. The loan of respondent to decedent was at all times prior to final settlement unpaid, and this fact in connection with the joint efforts to secure other contracts may have been factors affecting the action and conduct of decedent toward respondent.

We therefore hold that the evidence and the findings of the court under the pleadings as made bring the case within the rule announced in *Stone* v. *Bancroft,* 112 Cal. 652, 657 [44 Pac. 1069, 1070], where a contract of employment was under consideration and, among other things, the court said: "And even conceding that during a great portion of this time plaintiff was not working at all, yet, if he was ready and willing to work at all times if work had been offered, and no work was offered, and he had not been discharged, then the contract was in full force, and his right of action upon it cannot be gainsaid. It is no defense to an action upon the contract under such circumstances to say that plaintiff has not performed his duties thereunder." To the same effect see *Stone* v. *Bancroft,* 139 Cal. 78, 80, 81 [70 Pac. 1017, 72 Pac. 717]; *Sexton* v. *Richardson,* 6 Cal. App. 459 [92 Pac. 395]; *Webster* v. *Wade,* 19 Cal. 291 [79 Am. Dec. 218].

These considerations have induced the conclusion above announced.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., and Richards, J., concurred.

Rehearing denied.

All the Justices concurred.