### ELLIOTT–GREER OFFICE SUPPLY CO. v. MARTIN.

#### No. 3837.

Court of Civil Appeals of Texas. Amarillo.
Oct. 26, 1932.

Rehearing Denied Dec. 14, 1932.

Wm. H. Evans and Bean & Klett, all of Lubbock, for appellant.

Tom Garrard and Lockhart & Brown, all of Lubbock, for appellee.

MARTIN, J.

Appellee sued appellant for the breach of a contract, alleging, in substance and effect, that he was employed on the 20th day of October, 1930, for one year, to serve defendant as a salesman for office supplies in the Lubbock territory, for which appellant was to pay him an agreed commission and advance him $65 per week to be charged against his commissions.

This contract was in writing and contained the following stipulations:

"The salesman shall receive no commission on sales that are not paid for by the customer.

"The Company shall furnish the salesman an automobile in which to travel; the salesman agrees to pay all expenses on such automobile and keep it in repair, furnish all tires, oil, gasoline, license and other things necessary to travel his territory.

"The salesman agrees to pay all his traveling expenses and to diligently work the territory in an endeavor to secure business.

"The Company agrees to advance the salesman the sum of ($65.00) sixty-five dollars per week to be charged against his commissions.

"The salesman agrees to work diligently and to put forth an honest effort to collect all money due the Company on due dates and to forward it immediately to the Company's office in Amarillo, Texas."

Appellee alleged he worked under this contract for about three months when he was, without just cause, discharged by appellant, and filed suit for $2,700, which amount he claimed he would have earned during the remaining nine months of the life of the contract.

Appellant admits the discharge of appellee and alleges as an excuse for same and in bar of his suit certain facts showing a breach of the contract by him and pleaded in great detail specific acts of dishonesty and disloyalty which it claims justified the action taken. The more important of these facts were that appellee had secured a contract to sell life and fire insurance and did sell same; that he took sums of money out of the cash drawer of the local store at Lubbock; and that he forged a certain order for a typewriter on a gin company at Littlefield.

It is strenuously urged by appellant that its request for a peremptory instruction should have been given, particularly because the evidence shows without contradiction that appellee was using the time of appellant to engage in other lines of business without the knowledge or consent of appellant and that he was disloyal and dishonest.

We think the testimony does uncontradictedly show that appellee did sell and attempt to sell life insurance and some fire insurance, and that by an overwhelming preponderance of the evidence that this occurred during business hours. All of appellant's propositions and its theory is based upon two propositions, the existence and correctness of which must be assumed to reach the conclusion that a peremptory instruction should have been given; viz.: (1) That the contract in question entitled appellant to the entire services and time of its said employee; and (2) that all the acts of appellee pleaded and proven in bar of this suit were without the knowledge and consent of appellant.

If it is mistaken in these two theories, its propositions fail, particularly in view of the findings of the jury hereafter set out, which we think find support in the evidence.

Of the rule in the construction of contracts of this character, it has been stated: "In the absence of an express or implied agreement upon the part of the employee to devote his entire services to the service of the employer, he may employ such time as is not required in the performance of his duty to his employer in such way as he may deem advantageous to himself, provided it is not inconsistent with his contract nor detrimental to his employer's interest or to the value of his services to his employer." 39 C. J. 124.

In the case of Jaffray v. King, 34 Md. 217, the court had before it this identical question, based upon the following contract: "We hereby engage your services as salesman from this date, 'till the 30th of June next inclusive, at the rate of $350 per month. Your particular field will be the city of Baltimore, and you are at liberty to solicit all such dealers there as we do not already sell to. All new trade from that city, introduced by you, will go to your credit, and all orders obtained by you, whether from old or new customers, will likewise be credited to you."

In holding this did not constitute a contract for the exclusive services and time of the salesman, the court said: "In the discharge of that duty, he was bound to serve them in good faith, and to the extent of his ability, but if doing this did not require his whole time, he could, without violating his engagement with them, occupy the remainder in any other pursuit he might deem advantageous to himself, provided it was not inconsistent with his contract, not detrimental to their interests, and did not impair the value of his services to them as salesman of their goods in that market. * * * If it had been the intention to engage the entire services and the whole time of the plaintiff, and that he should not engage in any other employment whatever, it would have been very easy to have inserted in the contract a clause to that effect."

For other similar cases see Hermann v. Littlefield, 109 Cal. 430, 42 P. 443; Stone v. Bancroft, 139 Cal. 78, 70 P. 1017, 72 P. 717; Hillsboro National Bank v. Hyde, 7 N. D. 400, 75 N. W. 781; Clark v. Kelsey, 41 Neb. 766, 60 N. W. 138; Dayton Lumber Co. v. Stockdale, 54 Tex. Civ. App. 611, 118 S. W. 805.

Applying here the principles announced in these decisions we find no difficulty in reaching the conclusion that appellant is in error in its construction of the contract in question, and that, under its terms, the appellee was free to engage in such work as was not inconsistent with his contract of employment nor detrimental to the interest of his employer and which did not impair the value of his services to it as a salesman.

Upon the remaining proposition there is testimony raising an issue that appellant knew of all the acts set out in its pleading done by appellee and that it either expressly or impliedly consented thereto or condoned and ratified each of them. Obviously appellant cannot complain of the employment of appellee in work to which it either expressly or impliedly consented, nor to alleged acts of dishonesty of which it had knowledge and condoned. Some testimony of alleged dishonesty appears in the record pertaining to matters having no relation or connection with the work of appellee under his contract, and which, therefore, could not be made the basis of a peremptory instruction.

The court submitted the following special issues:

"Special Issue No. 1.

"Do you find by a preponderance of the evidence that the plaintiff, Clarence C. Martin, failed to diligently work for the best interest of his employers, see Elliott-Greer Office Supply Company, in compliance with his contract? Answer yes or no.

"If your answer to the above question is in the affirmative, you need not answer any further, but if your answer is in the negative, then please answer Special Issue No. 2.

"Special Issue No. 2.

"What amount of money, if any, do you find from the preponderance of the evidence, that the plaintiff would have earned during the period from the date he was discharged by

defendant, to October 30, 1931, had he been permitted to continue under the contract in evidence, over and above all his necessary expenses in performing his duties under said contract, and over and above any sum which he by the use of due diligence would have been able to make during said period, which he would not have been able to make had his employment under the contract been continued? Answer in dollars and cents."

"Defendant's Requested Special Issue No. 5:

"At the request of the defendant you will answer the following special issue:

"Do you find from the evidence that at the time plaintiff was discharged he had abandoned his contract of employment in whole or in part? Please answer yes or no."

The jury answered "No" to the first and last of these.

■ Appellant complains that the court erred in refusing its requested special issue No. 8 asking if at the time appellee was discharged he was using part of the defendant's time working at other lines of business. This charge, in effect, assumes that the contract in question as a matter of law under the facts of this record entitled appellant to appellee's entire time and services. Since we have reached the conclusion that the contract is not susceptible of such construction, the special charge was properly refused.

Appellant's requested special issue No. 3 read as follows: "Do you find from the evidence that the plaintiff was acting dishonestly toward the defendant at the time he was discharged?"

This was refused and this action of the court is assigned and urged here as error.

■ The statement of facts in this case is 387 pages long, is in question and answer form, and is befogged with all the usual bickering and argument of counsel before the court. So far as we are able to ascertain from a complicated statement of facts, every instance of claimed dishonesty was explained by appellee in such way as to show that appellant condoned and ratified such alleged acts. Obviously appellant is in no position to complain if it either expressly or impliedly acquiesced in or condoned and ratified these. It is undoubtedly true as a legal proposition that the employee must act honestly toward his employer and the position of appellant as an abstract proposition of law is correct, but the trial court was justified in refusing the requested instruction in the form asked because it ignored the issue made by appellee's testimony of a knowledge of, acquiescence in, and ratification by, appellant of the acts in question.

This proposition is not supported in appellant's brief by sufficient quotations from the record to illustrate the claimed error. This would probably justify us in refusing to consider it, though it has not been expressly so decided, so far as we know, since the recent legislative enactment on briefing.

It is next argued that the trial court erred in refusing to give defendant's specially requested issue No. 12, reading as follows: "Do you find from the evidence that at the time plaintiff was discharged he could and should have earned by the exercise of ordinary diligence in other lines of business as much as he was earning from the defendant?"

■ The burden was on appellant to plead and prove facts minimizing the damages claimed by appellee. 13 Tex. Jur. 376.

■ A sufficient reply perhaps to this proposition is that appellee was under no duty to endeavor to obtain employment in any line of business other than one of substantially the same grade and character from which he was discharged. 39 C. J. 117. However, without so deciding, we regard issue No. 2 above quoted as sufficiently covering this phase of the case. The plaintiff asked for $2,700 damages and offered testimony tending to show this amount. The verdict was for only $900. Appellant pleaded and offered some evidence to show a mitigation of the damages. Under special issue No. 2, to which appellant offered no objection in the trial court, the jury were authorized to and did mitigate the claimed damages. This issue we think sufficiently protected appellant.

It is urged that there was certain jury misconduct in this: That the jury disagreed as to certain testimony and desired to get more light on it and knocked at the door. The district clerk responded, the foreman made his wants known, to which the clerk replied: "I will get the Judge." This is substantially all that occurred, as shown by testimony on motion for new trial.

Articles 2195 to 2198, both inclusive, of the Revised Statutes of 1925 are cited by appellant, together with many cases, including Kilgore v. Moore, 14 Tex. Civ. App. 20, 36 S. W. 317 and Crosby County Cattle Co. v. Corn (Tex. Civ. App.) 25 S.W.(2d) 283, 290, as sustaining its contention that this was error.

We think the following articles of the statute apply to the question under consideration: "If the jury disagree as to the statement of any witness, they may, upon applying to the court, have such witness again brought upon the stand; and the judge shall direct him to repeat his testimony to the point in dispute, and no other, and as nearly as he can in the language used on the trial; and on their notifying the court that they disagree as to any portion of a deposition or other paper not carried with them in their retirement, the court may, in like manner, permit such portion of said deposition or paper to be again read to the jury." Article 2199, R. C. S.

"Where the ground of the motion is miscon-

duct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material." Article 2234, R. C. S.

There is a marked distinction between misconduct of the trial judge and misconduct of the jury. It is error per se for the judge to communicate or permit a communication with the jury in violation of the mandatory provisions of the statute and the law in such case does not speculate on whether or not there was injury, but not so in the case of ordinary jury misconduct. This is true by virtue of the terms of article 2234, which impliedly authorizes an inquiry by the trial judge to determine whether or not any communication made to the jury "be material." Belonging to the first class of cases, we cite the following: Cases last cited supra; Gerneth v. Galbraith-Foxworth Lumber Co. (Tex. Com. App.) 38 S.W.(2d) 775; Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d) 1033.

For cases illustrating the second, see the following: Parks v. Missouri, K. & T. R. Co. (Tex. Civ. App.) 19 S.W.(2d) 373; International-Great N. R. Co. v. Cooper (Tex. Com. App.) 1 S.W.(2d) 578; St. Louis, B. & M. R. Co. v. Cole (Tex. Com. App.) 14 S.W.(2d) 1024; Mauney v. State, 85 Tex. Cr. R. 184, 210 S. W. 959.

The courts do not presume injury in ordinary cases of jury misconduct. The burden of proof rests on the party asserting jury misconduct to show injury. Southern Traction Co. v. Wilson (Tex. Civ. App.) 241 S. W. 636; Parker v. Miller (Tex. Civ. App.) 258 S. W. 602; Kaker v. Parrish (Tex. Civ. App.) 187 S. W. 517; see also notes under article 2234, Vernon's Ann. Civil Statutes, 1925.

We think this record fails to show injury or prejudice to appellant by the alleged misconduct.

Lastly it is argued that certain conduct of the jurors in asking questions in open court concerning testimony in dispute was error. No objection appears to have been made to this proceeding at the time by appellant and no bill of exception brings the matter forward. Under these circumstances nothing is presented for review. Carter v. Guaranty State Bank of Woodville (Tex. Civ. App.) 262 S. W. 108; article 2237, Vernon's Ann. Civ. St. and notes thereunder.

Finding no error in the record, the judgment is affirmed.

Opinion on Motion for Rehearing.

In an earnest motion for rehearing appellant urges that, since it pleaded specific acts of dishonesty and disloyalty of appellee toward appellant in bar of his suit, to which appellee pleaded neither waiver, condonation, acquiescence, or estoppel in reply, this court was in error in overruling its assignment.

Obviously the term "dishonesty" under the peculiar facts of this case cannot be given its ordinary meaning. The issue was not whether appellee was a dishonest man as an abstract proposition and as ordinarily understood. If appellant directed the performance of such acts or legally ratified them, it could not thereafter allege and prove their existence in bar of plaintiff's suit, even if dishonest as that word is commonly understood. Appellee denied generally in his pleadings these alleged acts of dishonesty and testified, without objection, in such way as clearly made an issue of whether they amounted to dishonesty towards appellant. The trial court was, therefore, not justified in submitting the naked question of whether he acted dishonestly toward his employer without any qualification or explanation. The jury would thus be turned loose without any guide to find any act of appellee dishonest, though same may have not amounted in law to such or even been pleaded. In addition to this it seems fairly clear, though we do not expressly so decide, that whether he acted dishonestly is a legal inference to be drawn by the court from proper findings of the jury upon the issuable facts pleaded.

It is clear that a trial court does not err in refusing an improper charge. Speer's Special Issues §§ 253 and 263, and authorities there cited.

It is suggested, however, that the requested charge, though wrong, was sufficient to call the trial court's attention to his error of omission and place upon him the burden of giving a correct one. It is undoubtedly true that a requested charge, though erroneous, may under some circumstances be regarded as an implied request to submit a correct one which can be made the basis of a meritorious assignment of error. However, we know of no case holding that such a question can be raised for the first time in a motion for rehearing and require consideration without any assignment of error. There is a difference between an error assigned to the refusal of the court to give an incorrect charge and one which questions his failure to give a correct one. Olds Motor Works v. Churchill (Tex. Civ. App.) 175 S. W. 785; Gulf Production Co. v. Gibson (Tex. Civ. App.) 234 S. W. 906.

The appellant has presented no assignment of error here except to the failure of the court to give its requested charge. Under the last authorities, supra, we cannot consider the question suggested.

The above disposes also of the assignment relating to appellant's requested charge attempting to present the issue of appellee's disloyalty toward his employer.

The motion is overruled.