## ST. LOUIS, B. & M. RY. CO. v. COLE et al.*
### (No. 1026—5205.)

Commission of Appeals of Texas, Section B.
March 20, 1929.

E. H. Crenshaw, Jr., of Kingsville, and Davenport, West & Ransome, of Brownsville, for plaintiff in error.

E. W. Napier, of Wichita Falls, and Rabel, Napier & Fristoe, of Harlingen, for defendants in error.

LEDDY, J. Defendants in error, the surviving wife and minor children of Charles A. Cole, were awarded a judgment against plaintiff in error for damages, based on findings of

*For opinion on rehearing see 16 S.W.(2d) —.

the jury in answer to special issues that said Cole's death resulted from plaintiff in error's negligence in causing one of its locomotives to collide with the automobile in which Cole was riding at a point where a public road crossed one of its side tracks.

The principal question urged in this court is that a new trial should have been granted on account of the misconduct of the jury in considering the verdict rendered in this case. The misconduct complained of was in three particulars, viz.: (1) That there was an agreement by the jurors that defendants in error were entitled to recover before any of the special issues were answered by the jury; (2) because one of the jurors was personally familiar with the scene of the accident, and gave his opinion thereon; (3) that the jury, in fixing the amount of damages awarded, discussed and considered the probability of an appeal by the railway company.

Upon the hearing of the motion for new trial, eight of the jurors were interrogated. Six of these testified either that the jury agreed defendants in error were entitled to recover, or at least expressed an opinion to that effect, before any of the special issues were answered. The foreman and one other juror testified directly and positively that no such discussion was had; that, when they first began their deliberations, they took up the special issues, and answered them one by one without any agreement or expression of opinion that defendants in error were entitled to recover.

■ The trial court, in overruling the motion for new trial, made no express finding on this conflicting evidence. In deference to this ruling, we must indulge the presumption that the court accepted the version given by the jurors who testified that the particular misconduct complained of did not occur. Duerler Mfg. Co. v. Eichhorn, 44 Tex. Civ. App. 638, 99 S. W. 715 (writ refused); Corralitos Co. v. Mackay, 31 Tex. Civ. App. 316, 72 S. W. 624.

■ It has often been held that the trial court, in considering evidence offered on the hearing of a motion for new trial, has the same latitude in passing on the credibility of the witnesses, and of the weight to be given to their testimony, as a jury has on the original trial. H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Bradley v. Texas & Pacific Ry. Co. (Tex. Com. App.) 1 S.W.(2d) 861; Chicago, Rock Island & G. Ry. Co. v. Swann, 60 Tex. Civ. App. 427, 127 S. W. 1164.

With reference to the second ground of misconduct, it was shown that the juror Borchelt stated in the jury room during the deliberations that he was familiar with the case, and would prefer that everybody express themselves before his opinion was given, because he was at the scene of the accident immediately after it occurred. In accordance with his suggestion, the other eleven jurors gave their opinion, and he then expressed himself. It was not shown, however, that this juror communicated to any other juror any fact outside of that which had been testified to by the witnesses on the trial of the case. It was also developed upon the hearing of the motion for new trial that, when this particular juror was questioned on his voir dire, he informed the attorney for the railway company he had maintained a creamery for a number of years near the crossing where the accident occurred, and was therefore very familiar with the situation at the crossing, and he also gave him the information that he was at the scene of the accident very quickly after it occurred. It does not appear that any challenge for cause was made against this juror, and the railway company did not see fit to exercise a peremptory challenge to prevent him from becoming a member of the jury.

■ Plaintiff in error, having accepted the juror with full knowledge of his familiarity with the situation where the accident occurred, must be held to have waived whatever effect such knowledge had upon this particular juror's verdict.

■ Not only is there no evidence showing that the information possessed by the juror because of his personal knowledge of the situation was in any way communicated to any other member of the jury during its deliberations, but it was not even shown that the juror himself was in any way influenced or guided by such knowledge in the reaching of his conclusion. Under these circumstances, we do not think the misconduct complained of constitutes such error as to justify us in holding that the trial court abused its discretion in refusing to grant a new trial on account thereof.

■■ With reference to the third ground of misconduct, one of the jurors testified that it was mentioned in the jury room that, if the jury gave too much, the "railway company will appeal it and it will lay in the appeal court for quite a while." Another juror testified that he thought some one made the remark: "Now, if you won't make it too big the railway company will pay off and not appeal it." This seems to be all that occurred with reference to a discussion along this line. It was disclosed that at the time this discussion took place the various jurors favored amounts from $35,000 to $65,000, a majority of the jury favoring a verdict substantially larger than that which was afterwards agreed upon. It seems that this improper argument was effectively used by jurors who favored a much smaller verdict than the remaining jurors in order to cause such jurors to agree to a smaller amount. These remarks were reasonably calculated to, and it appears did, bring about a reduction in the amount of the verdict that would otherwise have been rendered. While it was undoubtedly improper for the jury to discuss the question as to whether an appeal would be taken in considering the amount of the verdict, yet it ap-

pearing that such action brought about a lesser verdict than would otherwise have been rendered, plaintiff in error is in no position to complain. A verdict of a jury should not be set aside when an error has been committed, if it reasonably appears that such error operated beneficially to the party complaining.

■ Plaintiff in error further complains of the refusal of the court to submit the definition of negligence requested by it, and also that the definition submitted by the court was erroneous, for the reason that the word "reasonably" was substituted for the word "ordinarily"; that the charge, instead of saying "a reasonably prudent person," should have said "an ordinarily prudent person." It has been repeatedly held in this state that the terms "reasonably" and "ordinarily" have substantially the same meaning, and may be used interchangeably in definitions of negligence and ordinary care. Western Union Tel. Co. v. Vance (Tex. Civ. App.) 151 S. W. 907 (writ refused); St. Louis S. W. Ry. Co. of Texas v. Brown, 30 Tex. Civ. App. 57, 69 S. W. 1010 (writ refused); T. & N. O. Ry. Co. v. Walker, 58 Tex. Civ. App. 615, 125 S. W. 99 (writ refused); H. & T. C. Ry. Co. v. Everett (Tex. Civ. App.) 86 S. W. 18; I. & G. N. Ry. Co. v. Trump, 42 Tex. Civ. App. 536, 94 S. W. 905, 98 S. W. 1101; Western Union Tel. Co. v. Guinn, 61 Tex. Civ. App. 177; 130 S. W. 618; Words and Phrases, First Series, vol. 7, p. 5955; Words and Phrases, Second Series, vol. 3, p. 780.

■ It is next complained that the jury's answers to special issues 7 and 9 are inconsistent upon a material issue, and the court was not authorized to enter judgment based thereon. In answer to special issue No. 7, the jury found that the employees in charge of plaintiff in error's train discovered the perilous position of Charles A. Cole in time to have stopped the train by the use of proper care, and thus have avoided the collision, and that such failure was a proximate cause of Cole's death. In answer to special issue No. 9, the jury found that such employees failed to exercise reasonable care to keep a lookout for persons about to use the crossing such as would have enabled them to have discovered the perilous position of Cole in time to ha've stopped the train and avoided the collision by the use of the means at their command, and that such negligence was a proximate cause of Cole's death.

There is no conflict or inconsistency between the answers of the jury to said issues. Northern Texas Traction Co. v. Weed (Tex. Com. App.) 300 S. W. 41. The effect of the answers of the jury to these issues is that, while the operatives failed to exercise reasonable care to keep a lookout to discover Cole's perilous position, they did in fact discover his peril in time to have avoided the collision by the use of the means at their command.

■ It is also very strongly urged this court should hold that Cole, under the undisputed facts, was guilty of contributory negligence as a matter of law. It is unnecessary for us to determine this question, for the reason that, if we were to so hold, it would not authorize us to reverse the case. The finding in defendants in error's favor on the issue of discovered peril, which is not challenged in this court, entitled them to a judgment, even though Cole was guilty of contributory negligence. Hays v. Gainesville St. Ry. Co., 70 Tex. 602, 8 S. W. 491, 8 Am. St. Rep. 624; Baker v Shafter (Tex. Com. App.) 231 S. W. 349; Hines v. Foreman (Tex. Com. App.) 243 S. W. 479; St. Louis S. W. Ry. Co. v. Cambron, 62 Tex. Civ. App. 465, 131 S. W. 1130.

Other errors of minor importance are complained of, but we think such questions were properly decided by the Court of Civil Appeals, and that we need not discuss them here.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.