We therefore recommend that the writ of mandamus do issue as prayed for by relators.

CURETON, C. J. The opinion of the Commission of Appeals is adopted, and mandamus awarded.

### PARKER et al. v. BAILEY et al.
### (No. 1044—5240.)

Commission of Appeals of Texas, Section B. April 10, 1929.

leged compliance with the contract, and asked that specific performance thereof be decreed.

"The appellees replied that the contract was never delivered; that the land in controversy constituted their homestead; and denied the execution of the contract. The court, in his main charge, submitted 16 special issues, 15 of which were answered by the jury in favor of appellees. At the request of the appellees, the court submitted three additional issues, one of which only was answered. On the findings of the jury to the 16 special issues answered, the court rendered judgment for appellees.

"It is conceded in the agreed statement that the findings of the jury on the issues answered were warranted by the testimony, and that such findings were sufficient to authorize the judgment rendered by the court.

. "In an amended motion for a new trial, the appellants asked that the verdict of the jury be set aside, because J. H. Abel, the foreman of the jury, left the other 11 jurors in the jury room and reported to the court that the jury were unable to agree on a verdict, and that the court informed the foreman of the jury that it was desirable that a verdict be reached, if possible, and directed the foreman to retire to the jury room for further deliberation. After hearing testimony on the amended motion, it was overruled by the court, and the only question before us for consideration is whether or not the communication between the court and the foreman during the deliberation of the jury constitutes reversible error."

The Court of Civil Appeals held the matter to be harmless, and affirmed the judgment of the trial court. If the question were an open one we might be inclined to the view expressed by Justice Jackson for the Court of Civil Appeals. The logic of it appeals to one. But we think the case is ruled by the decision in Texas, etc., Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137, cited by the Court of Civil Appeals.

Lloyd A. Wicks, of Ralls, for plaintiffs in error.

Douglas & Scott, of Lubbock, for defendants in error.

SPEER, J. The case was presented to the Court of Civil Appeals upon an agreed statement and is tersely stated by the Court of Civil Appeals as follows:

"The appellees sued appellants in trespass to try title in the district court of Crosby county, Tex., to recover Lots 17 and 18 in block 115, in the town of Ralls, in Crosby county, Texas. Appellants answered by general denial, not guilty, and pleaded a written contract with appellees for the exchange of other real estate for the land involved in this suit, al-

As to misconduct of the jury generally, the rule undoubtedly is well established that where misconduct is shown of such a nature as reasonably calculated to be prejudicial to the rights of a complainant, the same will work a reversal of the judgment unless it affirmatively appears that no injury resulted. Houston, etc., Co. v. Gray, 105 Tex. 42, 143 S. W. 606; Hines v. Parry (Tex. Com. App.) 238 S. W. 886; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Gulf, etc., Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; San Antonio, etc., Co. v. Alexander (Tex. Com. App.) 280 S. W. 753; Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765. This is

the correct interpretation of article 2234 of the statute.

But the matter of misconduct in cases like these is not identical with that complained of in this case. Here the act—of the judge—is one of legislative cognizance and is specially forbidden as an interference with the right to a jury trial. Article 2197 of the Revised Civil Statutes, regulating jury trials, provides: "The jury may communicate with the court by making their wish known to the officer in charge, who shall inform the court, and they may then in open court, and through their foreman, communicate with the court, either verbally or in writing." Article 2198 requires that where the jury desires further instructions of the court touching any matter of law, they shall appear before the judge in open court in a body and through their foreman state to the court the particular question of law upon which they desire further instruction, and that no instruction shall be given except in the manner there prescribed. It is thus seen that the statutes very carefully provide the manner in which the jury shall confer with the court touching the case. It may be that a proper interpretation of the statute would make it apply in its strictness only to those communications touching the disposition of the case. It might not be within the reason of the law to make the statute apply to those communications affirmatively shown not to affect the case. This we do not decide. The sacredness of the right to a jury trial and the delicacy of any fact inquiry as to the probable effect of the trial court's misconduct, before the very judge against whom the complaint is made, renders the matter of such public concern as to be well within the legislative right to speak arbitrarily. As indicated in the case of Texas, etc., Co. v. Byrd, supra, it is a matter of such public concern that the courts will not permit an inquiry into the probable effect of a violation of the statute. When the fact is established it is conclusively presumed, by reason of the statute itself, that a fair trial has not been had and evidence should not be heard to the contrary.

It is insisted by defendant in error that the language by Chief Justice Gaines in the Byrd Case, is dictum; that the facts of that case leave it doubtful whether the misconduct was harmful or not. Whatever the justice of this comment upon the opinion, we think it states a sound rule of interpretation and practice. The language, however, is not dictum, but a very deliberate statement after a most mature consideration by the court. While the court did say that it was not necessary to pass upon the assignment raising that question, nevertheless it further said: "But we consider the question of such importance as to make a ruling upon it appropriate." The ruling there thought to be appropriate was so definite and so wholesome that we cannot ignore it, even though the expressions should be technically dicta.

The case of Whitaker v. Browning (Tex. Civ. App.) 155 S. W. 1197, in which a writ of error was refused, appears to hold to the contrary, and is cited as the latest expression of the Supreme Court upon the question. But if that holding be in conflict with the Byrd Case, nevertheless the former express holding must prevail. Repeals, whether of statutes or decisions, by implication, are not favored. The Supreme Court, in a conference upon this point, advises us that such is the rule of decision with it. It is unimportant, therefore, whether the Whitaker-Browning Case is to be distinguished from the Byrd Case.

Defendants in error have requested that we dismiss the writ of error because there is no conflict of decisions shown, and they cite Garitty v. Rainey, 112 Tex. 369, 247 S. W. 825, City of Abilene v. McMahan (Tex. Com. App.) 292 S. W. 525, Jarecki Mfg. Co. v. Hinds (Tex. Com. App.) 6 S.W.(2d) 343, and McGinty v. Dennehy (Tex. Com. App.) 13 S.W.(2d) 68. The motion to dismiss should be overruled. The authorities cited are applicable only to cases originating in the county court or, what is the same thing so far as jurisdiction is concerned, in the district court, when such cases could have been brought in the county court. This case is a trespass to try title case, over which the Supreme Court has jurisdiction, whether there is conflict of decision or not.

We recommend that the judgments of the trial court and of the Court of Civil Appeals be reversed, and the cause be remanded to the trial court for another trial.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.