### ESTEP v. BRATTON et ux.   (No. 621.)

Court of Civil Appeals of Texas. Eastland.
Dec. 6, 1929.

On Rehearing, Jan. 17, 1930.

See, also, 298 S. W. 145.

Bartlett, Brown & Thornton, of Dallas, and Cox & Hayden, of Abilene, for appellant.

Kirby, King & Overshiner, of Abilene, for appellees.

FUNDERBURK, J.   Bunk Bratton and wife, Mary Bratton, recovered judgment in the court below against R. J. Estep for damages for negligence in failing to properly safeguard a ditch he was excavating in one of the streets of the city of Abilene.   The amount of recovery was $4,000 for Mary Bratton and $1,000 for Bunk Bratton, or an aggregate of $5,000.   The defendant has appealed.

It is sought to have the judgment reversed solely on the ground that the trial court should have granted a new trial because of misconduct of the jury.   The motion for new trial asserted several acts of misconduct, only one of which was supported by sufficient evidence, we think, to require discussion.   That ground was that there was misconduct, in that during the jury's deliberations it was stated by one or more jurors that the attorneys' fees would have to be paid out of the amount of the judgment, and that that matter was openly discussed.

■ The record does not contain a statement of the trial judge's conclusions of fact from the evidence heard on the motion for new trial.   The action of the court in overruling the motion must therefore be deemed to imply a finding against the existence of the several alleged acts of misconduct, save only such as may be shown by the uncontroverted evidence, and that only to the extent so shown.   We have carefully read the testimony, and conclude that, if we eliminate all matters of controversy, the uncontroverted evidence shows that during the jury's deliberations, and before they had reached an agreement as to the amount of damages, it was mentioned that the attorneys' fees would have to be paid out of the amount of the judgment for plaintiffs, and that there was some little discussion of that matter.   Afterwards, two of the jurors who had been in favor of awarding damages in the sum of $3,000 agreed to the verdict that was rendered for the aggregate amount of $5,000.   One of the two jurors who had favored a verdict for $3,000 testified that he was influenced by the mention and discussion of attorneys' fees.   All of the other jurors who testified claimed that they were not so influenced.   Two jurors did not testify.

■■ We will first consider the contention of appellees presented by cross-assignments of error, whereby it is urged that the trial court erred in overruling their special exception to the motion for new trial, and by which exception the sufficiency of the motion was challenged, because it was "verified only by affidavit of one of defendant's attorneys (stating) that the allegations therein were true to the best of his knowledge and belief, without stating the facts on which his information and belief was based, and without giving the names of the persons imparting said information, and further stating 'that the jurors to whom he (affiant) had talked with reference to the matter have refused to make affidavits with reference thereto' without stating the names of the jurors to whom affiant had talked, or identifying them with the case on trial, or stating what information they had imparted to him."   The proposition assumes that the law requires that a motion for new trial based upon misconduct of the jury be verified or supported by one or more affidavits.

It seems to us that a proper interpretation of the statutes relating to new trials leads to the conclusion that it is not necessary that a motion for new trial such as this be verified. R. S. 1925, art. 2232, prescribes certain requisites of a motion for new trial, among them being that it "(2) Be in writing and signed by the party or his attorney," and "(3) Specify each ground on which it is founded, and no ground not specified shall be considered."   From the specification that it be in writing and signed by the party or his attorney it would seem to be implied that verification is not essential.

Article 2236 prescribes requisites of a motion for a new trial in cases in which judgment has been rendered on service of process by publication where the defendant has not appeared in person or by attorney of his own selection.   One of the prescribed requisites is that the motion (called petition) be "supported by affidavit."   This greatly strengthens, if it does not compel, the inference that verification was advisedly omitted from the requirements prescribed in article 2232.   Article 2234 commands that " * * * the court shall hear evidence [as to misconduct, etc.] * * * from the jury or others in open

court," etc. Under this statute affidavits cannot be considered as any evidence of the matters therein stated. Ratliff v. Ft. W. & R. G. Ry. Co. (Tex. Civ. App.) 245 S. W. 83; Fox v. H. & T. C. Ry. Co. (Tex. Civ. App.) 186 S. W. 852; Jones v. Wichita Valley Ry. Co. (Tex. Civ. App.) 195 S. W. 890; Morales v. Cline (Tex. Civ. App.) 202 S. W. 754; Hines v. Parry (Tex. Civ. App.) 227 S. W. 339.

■ Appellees have cited authorities, some of which at least seem to support their contention. It appears that affidavits have been required, the manifest purpose of which was to afford assurance to the court that the proponent of a motion would probably be able to support by proof the allegations of his motion. Even for that purpose they have not been required where they could not be obtained, provided a good excuse was given. If the court, in a case where not required by express mandate of a statute to summon witnesses and hear testimony in open court, should refuse to do so unless a motion was supported by affidavit, the correctness of such action we need not determine. Had the court in this case refused to hear the motion because not properly verified, a different question might be presented. The fact is, the court expressly declined to require any other verification, and, having heard the testimony of the jurors, his action in overruling the exception violated no right of appellees that we are able to see. Appellees were called upon to rebut, not the allegations in an affidavit, but the allegations in the motion, as to which no just complaint is made here. As said before, the affidavit, if required at all, was for the benefit of the court, who, by the action complained of, waived it. We are therefore constrained to hold that appellees' cross-assignments must be overruled.

We have had no great difficulty in reaching the conclusion that comparatively recent decisions, expressly approved by the Supreme Court, require us to hold that the trial court erred in overruling the motion for new trial.

The greatly increasing number of cases coming before this and other Courts of Civil Appeals, as well as the Supreme Court, is indicative of the difficulties which beset trial courts in passing upon and correctly determining questions involving alleged misconduct of juries. After all that has been written on the subject, there seems to be a surprising amount of conflict and uncertainty as to the controlling principles of law. Because of this, we have carefully reviewed the authorities in an endeavor to satisfy ourselves as to the cause or causes of the existing uncertainties, and to determine what may be regarded as having been definitely settled.

R. S. 1925, art. 2234, now provides: "Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and *may* grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material." (Italics ours.) This statute was article 2021 of the 1911 Revised Statutes, the only difference being that said article 2021, which was first enacted in 1905, provided that a new trial " * * * may in the *discretion* of the court be granted." (Italics ours.)

The leading case construing the statute as originally enacted is H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606. The misconduct in that case was that "one or more of the jurors stated that the plaintiff ought to have a verdict for $50,000.00, because the lawyers would get half." The court said: "This was very reprehensible conduct." In so holding, we think the Supreme Court determined that misconduct was shown, and that same was material within the terms of the statute. But the judgment of the trial court was affirmed. Strangely enough, the authorities having the approval of the Supreme Court, which we regard as requiring us to reverse the judgment in this case wherein the misconduct, though very similar, is less "reprehensible," cite the Gray Case for authority. Why? Because in the Gray Case Judge Brown said: "If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury, we would feel inclined to exercise our authority and set it aside." What did the Supreme Court mean by that statement? Should it have been taken to mean literally what apparently is said? Our investigation leads us to the conclusion that, were we passing upon the question as an original matter, we would be constrained to hold that it should not.

The court had just previously announced its conclusion that the "discretion" which the statute vested in the trial judge was " * * * upon the same level with the discretion vested in the trial judge in many instances," from which followed the further conclusion: "We [that is, the Supreme Court] may review its exercise wherein it *clearly appears* that the rights of parties have been disregarded." (Italics ours.) Here is a declaration recognizing a real discretion that is utterly inconsistent with a declaration to the effect that, unless the action of the trial court is correct beyond a reasonable doubt, its judgment will be reversed. Why did the Supreme Court affirm the judgment instead of reversing it? The only answer to that question which the Supreme Court gave was: " * * * But the judge who tried the case seems to have acted promptly and fairly in the investigation, and we know that *he could form safer conclusions from examining the jurors than this court can from the record. There is*

*much in looking at the man who testifies."* (Italics ours.)

It seems to us clear enough that the Supreme Court did not propose to substitute its independent judgment for that of the trial court in the particular case, and announced the rule that it would only do so, where it appeared from the evidence found by the trial court that the action of the trial court was clearly wrong. But the subsequent decisions approved by the Supreme Court have given controlling effect to the statement that: "If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury, we would feel inclined to exercise our authority and set it aside." Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d) 1033; T. & N. O. Ry. Co. v. Parry (Tex. Com. App.) 12 S.W.(2d) 997; Payne v. Harris (Tex. Com. App.) 241 S. W. 1008; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106.

These decisions and many others hold that if, in a given case, material misconduct be shown, the judgment of the trial court in refusing a motion for new trial will be reversed, unless it so clearly appears from the entire record, including the evidence, that the misconduct did not affect the verdict to the prejudice of the complaining party as to preclude any reasonable doubt in the mind of the appellate court. The appellate court substitutes its judgment completely for that of the trial court. The trial judge hears the testimony of the jurors or other witnesses; he looks at them while doing so; he exercises his prerogative to pass upon the credibility of the witnesses and the weight to be given to the testimony. He reaches the conclusion that, although the misconduct occurred and was material, same did not affect the verdict of the jury to the prejudice of the complainant, and overrules the motion. On appeal, the higher court, in some instances, looks to the very conflicts in the testimony to give rise to the doubt which requires a reversal. In that course we are wholly unable to see any semblance of true "discretion" given to the action of the trial judge. Recognition of the fact that the decisions had eliminated "discretion" was expressed by Judge Fly in Giles v. Tyson (Tex. Civ. App.) 13 S.W.(2d) 452. It was very pertinently suggested that such was the reason the Legislature, in adopting the Revised Statutes of 1925, omitted from the statute in question "in the discretion." The word "may" had already, in affect, been treated as meaning "shall." By reason of the change in the statute, it would now be a serious question if any discretion is confided to the trial judge, even if it were now recognized that the proper interpretation of the opinion in the Gray Case showed a recognition of real discretion.

Had the opinion in the Gray Case been interpreted as holding that the trial court's findings and conclusions as to the effect of misconduct would be binding on the Supreme Court, unless clearly wrong, one fruitful source of confusion would have been avoided. We refer to the constantly recurring question as to whose function and duty it is to pass upon the credibility of witnesses and the weight to be given to the testimony, which tends to show the effect or want of prejudicial effect of misconduct. Decisions of the Commission of Appeals expressly approved by the Supreme Court which we consider controlling are not susceptible of any interpretation that they recognize the province of the trial court to make findings of fact, from conflicting testimony, or from evidence that is required to be weighed regarding the effect of misconduct, that is in any sense binding upon the higher court. This is clearly shown in cases such as the Ivey Case and the Wilson Case, wherein conflicts in the testimony of jurors or interest of the jurors requiring that the weight of their testimony be judged gives rise to the very doubt held to require a reversal. That view is certainly inconsistent with recognition of power in the trial court to make binding findings which, of course, could not exist in the absence of the right to judge of the credibility of witnesses and the weight of evidence.

We deduce from the decisions the following propositions:

**First.** As to the evidence tending to show the existence or not of alleged misconduct, it is the province and duty of the trial judge to pass upon the credibility of witnesses and the weight to be given the testimony and to find the facts, which findings are binding upon the Court of Civil Appeals if supported by sufficient evidence, and are binding upon the Supreme Court if supported by any evidence. St. Louis, B. & M. Ry. Co. v. Cole (Tex. Com. App.) 14 S.W.(2d) 1024; Bradley v. T. & P. Ry. Co. (Tex. Com. App.) 1 S.W.(2d) 861; Gulf C. & S. F. Ry. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895; San Antonio Public Service Co. v. Alexander (Tex. Com. App.) 280 S. W. 753.

**Second.** Whether or not misconduct found to have occurred be material or not is a question of law. Some decisions appear to have regarded the word "material" as used in the statute with reference to the effect of misconduct. This is notably true of the opinions in Simmonds v. St. Louis B. & M. Ry. Co. (Tex. Civ. App.) 18 S.W.(2d) 845; International-G. N. Ry. Co. v. Cooper (Tex. Com. App.) 1 S.W.(2d) 578; and Parks v. M., K. & T. Ry. Co. (Tex. Civ. App.) 19 S.W.(2d) 373. But we think the better reasoning and authority is to the effect that "material" has reference to the nature of the misconduct as "tending or calculated to injure the rights" of the parties litigant. San Antonio Public Service Co. v. Alexander (Tex. Com. App.) 280 S. W. 753; Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d)

1033; Texas & N. O. Ry. Co. v. Parry (Tex. Com. App.) 12 S.W.(2d) 997; Abrams v. Bradshaw (Tex. Civ. App.) 2 S.W.(2d) 917; Giles v. Tyson (Tex. Civ. App.) 13 S.W.(2d) 452.

It is conceivable that many things that juries may do during their deliberations would be a species of misconduct, but which would not be material because not essentially of a nature likely or calculated to prejudice the rights of the parties.

■ Third. If material misconduct is shown to have occurred, but the entire evidence produced in the trial court tending to show that it did not affect the verdict to the prejudice of the complainant excludes every reasonable hypothesis that it did have such effect, then the judgment of the trial court overruling a motion for new trial will be permitted to stand. International-G. N. Ry. Co. v. Cooper (Tex. Com. App.) 1 S.W.(2d) 578; St. L. B. & M. Ry. Co. v. Cole (Tex. Com. App.) 14 S.W. (2d) 1024; Simmonds v. St. L. B. & M. Ry. Co. (Tex. Civ. App.) 18 S.W.(2d) 845.

■ Fourth. Repeating in this connection for the sake of completeness: As to evidence tending to show the effect of misconduct, or the want of prejudicial effect of same (as distinguished from evidence of the existence of misconduct), neither the findings of fact nor conclusions therefrom of the trial judge are binding upon the appellate courts. As a necessary corollary: It is not the province of the trial judge, as to such evidence, to determine the credibility of witnesses nor the weight of the evidence. See authorities cited under the previous discussion.

Another element of uncertainty in the law arises from a failure to properly distinguish between evidence as to the existence of misconduct and evidence as to the effect of misconduct. This is manifest in St. L. S. W. Ry. Co. v. Lewis (Tex. Com. App.) 5 S.W.(2d) 765. There the question was involved whether or not evidence going to show whether the misconduct occurred before or after the jury had agreed upon their verdict, but before the verdict was reported to the court, was to be regarded as evidence showing the existence of misconduct. The Court of Civil Appeals regarded the evidence as evidence going to show the existence or not of misconduct, and, construing the testimony of one juror as showing that it occurred after the verdict was agreed to, held that the finding of the trial judge upon the conflicting testimony was binding. This, of course, was correct, had the court properly construed the evidence and if the testimony was properly regarded as testimony going to show the existence of misconduct rather than its effect. The Commission of Appeals construed the testimony of one juror (King) as not raising a conflict, and that therefore the trial court's action was not binding upon the appellate court, thus inferentially lending sanction to the view that the

evidence was to be regarded as evidence of the existence of misconduct, and not simply evidence of its effect, as to which latter, as has already been pointed out, the Supreme Court did not regard the findings of the trial court as binding.

Of course, it is not for us to determine here the question there involved, but, if we imagine a case where there is flagrant and material misconduct shown, if it occurred during the jury's deliberations, and say ten of the jurors testify positively and convincingly that it occurred before the verdict was agreed to, and two testify positively that it occurred afterwards, a holding that the finding of the trial court that there was no misconduct is conclusive would certainly be in conflict with the spirit of the decisions hereinbefore mentioned. There would thereupon, it would seem, arise a very substantial doubt whether the misconduct had affected the verdict.

■ In Moore v. Ivey, one juror positively contradicted others on the very question of whether the alleged misconduct occurred before or after a material issue was answered, and that question was disposed of by the declaration that it was not necessary to deal in certainties, but that the real test was whether or not a doubt arose. It occurs to us that, until a jury reports its verdict, and thereby loses control over same, it is material misconduct to discuss attorneys' fees, insurance, etc., since any one juror influenced thereby has the right to recall his assent to the verdict, and thereby recall the verdict. It would seem to us more logical to regard evidence as to whether or not given acts of misconduct occurred before or after the verdict was agreed to, but while still within the jury's control, as evidence going to show the probable effect of the misconduct, rather than evidence as to its existence or not.

■ In this case, if we are to exercise our independent judgment, and in no sense be controlled by the action of the trial court in overruling the motion for new trial, we are unable to say upon the whole record that beyond a reasonable doubt the mention and discussion by the jury of the attorneys' fees did not influence the assent of some one or more jurors to the verdict that was returned. One juror, although testifying that he thought the verdict was correct and just, testified that he was influenced by the mention and discussion of attorneys' fees. This same juror, after having favored the verdict for $3,000, agreed to one for $5,000. The burden was upon appellees to exclude by evidence every reasonable doubt as to the harmful effect of the misconduct.

The case of St. Louis S. W. Ry. Co. v. Smithhart, 9 S.W.(2d) 146, by the Beaumont Court of Civil Appeals, is regarded as directly in point. That decision, we think, correctly interpreted and followed the decisions herein-

above discussed. We are compelled to hold, rather reluctantly, that, under the decisions, the burden cast upon appellees was not met.

Because of the error of the trial court in refusing a new trial, the judgment will be reversed and the cause remanded.

### On Rehearing.

Appellees, by motion for rehearing, have earnestly and persuasively insisted that we were in error in reversing the case because of misconduct of the jury. We have given careful consideration to the motion, but have not been convinced that, upon the record as we passed upon it, we should make any other disposition of the appeal.

Alternative to the claim that we should set aside our former judgment and affirm the case, appellees have offered to remit the sum of $2,000 of the judgment, upon condition that the order of reversal be set aside and the judgment reformed to provide a recovery of $3,000, being the amount of the judgment of the trial court, less the remittitur, and as so reformed to affirm the judgment.

The evidence shows without dispute that, at the time of the alleged misconduct occurred, all issues had been agreed to by the jury save the amount of the judgment, and that the amount which the several jurors were in favor of awarding ranged from a minimum of $3,000 up, the amount of the judgment rendered being $5,000, apportioned $4,000 to Mary Bratton and $1,000 to Bunk Bratton. The offer to remit includes the request to make a like apportionment.

Our original judgment, as the opinion will disclose, was based upon our inability to say beyond a reasonable doubt that the misconduct did not, to any degree, influence the verdict. The jury, in their deliberations, were only out 30 or 40 minutes. The record carries no suggestion that the alleged misconduct could have possibly influenced the verdict of the jury further than to add $2,000 to the amount of it. We have no doubt that by making the judgment $3,000 all possible influence of the misconduct will be rendered harmless. To hold otherwise would be tantamount to holding that once misconduct is shown to exist it can never be held to be harmless. Many and respectable decisions recognize that facts may exist that will render harmless material misconduct of the jury, and, upon their authority, as well as the reasoning by which they are supported, we think, upon the remittitur being made, the judgment may properly be affirmed as requested. See Texas Electric R. Co. v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 9 S.W.(2d) 185; International-G. N. Ry. Co. v. Cooper (Tex. Com. App.) 1 S.W.(2d) 578; Steele Co. v. Dover (Tex. Civ. App.) 170 S. W. 809; El Paso Elec.

Co. v. Whitenack (Tex. Com. App.) 1 S.W.(2d) 594.

The motion for rehearing is therefore granted. The offer of remittitur of $2,000 is accepted. The judgment of the trial court will be reformed so as to provide that a recovery of $600 be awarded in favor of Bunk Bratton and $2,400 in favor of Mary Bratton, and, as so reformed will be affirmed, and it is accordingly so ordered.