STEWART v. HUMBLE OIL & REFINING CO. et al.

No. 6201.

Court of Civil Appeals of Texas. Texarkana.

Feb. 13, 1946.

Rehearing Denied Feb. 21, 1946.

Ed Yarbrough, of Tyler, for appellant.

George Prendergast, of Marshall, Charles L. Brachfield and V. W. McDavid, both of Henderson, and K. W. Gilmore, Dillard Baker, Rex G. Baker, and R. E. Seagler, all of Houston, for appellees.

**WILLIAMS, Justice.**

In the area where the accident herein involved occurred, the Southwestern Gas and Electric Company, hereafter styled Electric Company, maintained an electric high-line that crossed over and above a telephone line, owned, maintained and operated by Humble Oil and Refining Company, herein styled Humble.

Howard Stewart, employed by Humble as a switcher, resided with his family in a pumper's cottage on the leasehold furnished by Humble, within which a telephone installed by the latter had been connected with above telephone line. On the morning of and about the time of the accident during a rain and electrical storm, the electric high-line fell upon the telephone line. Flashes of fire and electricity along with smoke around the telephone caused Stewart to dash a bucket of water on and about same. He received a shock. An inspection made shortly after the accident revealed that a broken insulator on the high-line had released and caused the high-line to drop upon the telephone line. From an examination of the insulator it was the opinion of expert witnesses that lightning had struck the insulator. Stewart's electrical expert witness upon reviewing the facts related to him about the condition of the insulator and the weather, testified that under such conditions he would assume that lightning struck the insulator.

Plaintiff's evidence was not in conflict with the evidence introduced by the defendants that both the high-line and telephone line were properly constructed and maintained, in standard uniform and accepted method of construction; that the insulators and steel pins holding the insulators were standard equipment and met the requirements of the profession; that the grounding of the telephone line was proper construction and the fuses on lightning arresters apparently kept the electricity out of the cottage. There was no conflict in the evidence that the spacing and height of the poles met the requirement of safe construction, other than plaintiff's electrical expert thought it safer to shorten the distance between poles where they crossed other lines and that the high-line had been permitted to sag 8 feet and within

less than 22 feet of the ground; and that it would have been safer to use two cross-arms each with an insulator on a post.

The jury found that appellant, Howard Stewart, plaintiff below, had sustained an injury on March 19, 1943, as a result of the telephone line being charged with a large amount of electricity, but acquitted Humble and the Electric Company, the defendants below, of any negligence in all of the sixteen acts which plaintiff had charged them guilty of having committed. Upon this verdict, a "take nothing" judgment in favor of defendants was rendered.

Alleged jury misconduct is the sole ground set up by appellant in his motion for a new trial. Upon a hearing in which six jurors offered by plaintiff testified, the court overruled the motion for a new trial. No findings of fact or conclusions of law on the issue of misconduct were filed by the trial court, and none were requested.

Appellant, in substance, alleged (1) that some of the jurors discussed the verdict "that they were to reach in stating that the telephone company was liable and should have been made a party to the suit"; and that "some of the jurors told the others that if they wanted plaintiff to get anything all negligence questions would have to be answered 'No'"; (2) that the jurors had discussed the treatment of plaintiff by Humble and how nice the latter had been in keeping plaintiff on its pay roll; permitting him to continue to live in the cottage after his injury; and assisting plaintiff to carry a $7,000 disability insurance and other insurance, annuities and benefits; and if plaintiff had not filed this suit he could have retired for the remainder of his life on a $75 monthly pension from Humble; (3) that plaintiff's lawyers "would maybe get a slice out of the judgment"; and (4) that plaintiff was "faking and merely simulating an injury."

Rule 327, Texas Rules of Civil Procedure, applicable to all of the alleged acts of the jury misconduct set up in the motion for a new trial reads: "Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material, and if it reasonably appears from the evidence both on the hearing of the motion and the trial of the case and from the record as a whole that injury probably resulted to the complaining party."

According to one of the jurors, "there was right smart discussion about the telephone company; some didn't think the telephone company would be illegible, or whatever you call it, by building the line and some thought it was"; "well, as I remember we discussed the telephone company and about them not having the right kind of fuses and the right kind of ground wire at the place where it should have been." In response to the question, "You don't know what telephone company it was?" the juror answered, "No"; another juror when asked if some telephone company was discussed replied, "Well, we understood the telephone lines were involved, but that they belonged to the Humble people but nothing was discussed about any other telephone people"; other jurors in response to the same inquiry answered, "That was where he got his shock, through the telephone company"; and "we discussed the telephone line, not any telephone company." Appellant pleaded and he so testified, there being no testimony to the contrary, that Humble owned, maintained and operated the telephone line as a field communication system. Issue No. 14 submitted to the jury inquired if Humble Company was negligent "in having its telephone line cross under the electric line"; other issues inquired if Humble "failed to have a sufficient ground for the telephone line near the place where the telephone line crossed under the electric line"; and if Humble "failed to have a sufficient safety wire to protect the telephone wire at the place where the electric wire came in contact with the telephone wire"; and if Humble "failed to install fuses that would blow out if the telephone line came in contact with the electric line"; and if Humble "failed to have a sufficient ground for the telephone wire at the house where plaintiff lived."

The trial court's action in overruling the motion for new trial is tantamount to a finding of fact that it was the telephone system operated by Humble that was discussed, for the record is entirely absent that the telephone line was operated by

262

any other concern. The action of the trial court is also tantamount to the conclusion of law, that upon a consideration of the case as a whole plaintiff had not shown injury probably resulted to him. In either event, the action of the trial court is sustained. Rule 327, Texas Rules of Civil Procedure, supra; Allala v. Tandy & Sons, 127 Tex. 148, 92 S.W.2d 227; St. Louis B. & M. R. Co. v. Cole, Tex.Com.App., 14 S.W.2d 1024; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462, 464.

■ The juror Cooper testified, "We all understood that if we answered all questions 'Yes', it would make the company eligible, you know, for the damages"; "I don't think I heard any discussion on the question how we should answer them; would discuss each question as we came to it, take a vote and maybe get together, and if we didn't get together we would pass on to another question and come back later to the ones we hadn't agreed upon"; "we thought we found in favor of plaintiff for about $15,000 and we understood he would get his damages if we answered all negligence questions 'No'." The other jurors, according to their testimony, never heard any discussion about the effect of a "Yes" or "No" answer to the issues; another replied, "No, we answered them as we seen fit from the evidence."

Under above summary of the testimony given on the hearing should credence be given to that portion where the juror Cooper testified that if they answered all negligence questions "Yes" plaintiff would recover; or that they had to answer the question "No", he would recover; or that portion of his testimony that they discussed each question as they came to it, voted on it, and if unable to agree would later return to it? Should credence be given to the testimony of the other jurors? At least a question of fact was presented. The trial court's action in overruling the motion is tantamount to a finding that the alleged misconduct did not occur. "In deference to this ruling, we must indulge the presumption that the court accepted the version given by the jurors who testified that the particular misconduct complained of did not occur." St. Louis B. & M. R. Co. v. Cole, Tex.Com.App., 14 S.W.2d 1024, 1025; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Bradley v. Texas & P. R. Co., Tex.Com.App., 1

S.W.2d 861; Maryland Casualty Co. v. Hearks, Tex.Civ.App., 188 S.W.2d 262.

■ A discussion of attorney fees to be paid by an injured party out of a judgment recovered by him ordinarily does not decrease the amount of damages awarded the injured party but has a tendency to increase the award. It was not shown that the reference to any cut the attorney might receive decreased the award. And further, in the absence of findings of negligence on the part of the defendants, as here, the amount of damages became an immaterial issue. McGee v. Cunningham, Tex.Civ. App., 17 S.W.2d 494; Estep v. Bratton, Tex.Civ.App., 24 S.W.2d 465.

■ In the trial of the case, the testimony of plaintiff, developed on direct examination and further developed by defendant's attorney on cross-examination without any objection, detailed the treatment he had received from Humble; that he had been paid full salary for 12 weeks and half-time salary for the rest of the year; had been furnished at a nominal sum a home; offered a lighter job; given a six-months' sick leave in order to protect certain benefits of the company and later accepted a premature retirement which allowed him $2,200, and in addition was receiving under a group policy plan procured by Humble $70 monthly benefits from Aetna Insurance Company. He also testified about his tenure of service and the retirement benefits at age 65 under the plans operated by Humble for the benefit of its employees. Under above circumstances, plaintiff is in no position to complain of any of the references made in the jury room to above facts which were in evidence before them. McGee v. Cunningham, Tex.Civ.App., 17 S.W.2d 494; Craghead v. United Transports, Inc., Tex. Civ.App., 170 S.W.2d 325; Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266.

■■ The jury's findings that plaintiff had been injured by the electric shock and in response to issues Nos. 51, 53, and 54, that he had suffered damages in the sum of $14,963.50 fail to support, but to the contrary refute plaintiff's complaint that injury probably resulted to him from the remarks of some of the jurors in the jury room that plaintiff was not injured and was faking. Evidence given in the trial reflected that prior to the alleged injury, he had suffered from neuro-exhaustion and had limped, using a cane, after he was

injured by a shotgun wound in his leg. The extent of a complainant's injury, if any, and the amount of damages to be assessed as compensation are the legitimate functions of a jury impaneled to try the issues of fact. Maryland Casualty Co. v. Hearks, Tex.Civ.App., 188 S.W.2d 262.

The matters attempted to be presented under the other points are overruled. A discussion of Humble's counter-point is pretermitted in view of the conclusions above reached.

The judgment of the trial court is affirmed.