[Civ. No. 2331.    First Appellate District.—April 4, 1918.]

## A. B. FIELD & COMPANY, INC. (a Corporation), et al., Appellants, v. EDWARD HAVEN, etc., Respondent.

CONTRACTS — EXISTENCE OF SUBJECT MATTER — IMPLIED CONDITION.— When the performance of a contract depends on the continued existence of a given person or thing, a condition is implied that the impossibility arising from the perishing of the person or thing excuses performance.

ID.—CONTRACT TO PACK DRIED FRUIT—DESTRUCTION OF PACKING-HOUSE BY FIRE—CONTRACT NOT TERMINATED.—A contract by the terms of which plaintiffs were employed by defendant to buy and pack dried fruits in the latter's packing-house was essentially one for the per-

formance of personal services, since the services might be performed as effectively in one place as another, and the destruction of the packing-house by fire did not terminate the contract.

APPEAL from a judgment of the Superior Court of Santa Clara County. J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Samuel Knight, F. E. Boland, and C. C. Coolidge, for Appellants.

R. R. Syer, and Owen D. Richardson, for Respondent.

ZOOK, Acting P. J., *pro tem.*—This case arises out of a contract by the terms of which plaintiffs employed defendant to buy for them and on their instructions dried fruits and to pack them in his packing-house on Cinnobar Street, in San Jose, at specified charges for the different varieties of fruit. Plaintiffs guaranteed to defendant the packing of one thousand tons of prunes, and agreed to pay defendant $2.50 a ton for any shortage in the prune pack. Defendant was to devote his packing-house exclusively to the work provided for in the contract, and to pack the goods ''as well as the regular packing of said party in the past.'' The term of the contract was from May 29, 1913, to April 30, 1914. There were other provisions in the contract not necessary to be considered on this appeal. The parties commenced operations under the contract and continued until the nineteenth day of October, 1913, when defendant's packing-house was destroyed by fire. Within a few days after the fire, defendant tendered to plaintiffs another plant, but objection was made thereto on the ground that the defendant could not have exclusive possession. Thereupon the defendant arranged for the exclusive use of a second plant, known as the ''A & C Ham'' packing-house, and tendered it to plaintiffs, who again objected, but upon what ground the record is silent. Plaintiffs declined to order any more fruit bought, and no further work was done under the contract, except the packing of some two or three tons of fruit which had been purchased but not delivered prior to the fire. Insurance moneys were collected by defendant, and various disputes arose between the parties, culminating in the bringing of this

action by plaintiffs to recover a balance claimed to be due them. Defendant in his answer set up, among other things, a counterclaim for $1,903.12, which he claimed to be due him under the contract as packing charges at the agreed rate of $2.50 per ton for 761.25 tons of the one thousand tons guaranteed, only 238.75 tons having been purchased prior to the fire. The allowance of this counterclaim by the trial court is the only issue on this appeal.

Appellant's main contention is that the contract was terminated by the destruction by fire of respondent's packing plant. It is an undoubtedly sound principle of the law of contracts that, when the performance thereof depends on the continued existence of a given person or thing, a condition is implied that the impossibility arising from the perishing of the person or thing excuses performance, but we must confess that we are unable to follow counsel in their endeavor to apply the rule to this case. Neither in the evidence nor in the briefs is there anything to show that the place of packing fruit has any peculiar bearing upon the quality of the fruit packed, and in the absence of such showing we must take the common-sense view of the contract adopted by the trial court, namely, that the contract is essentially one for the performance of personal service by the defendant, which might be performed as effectively in one place as in another, and that if defendant, after the fire, could pack fruit according to the standard set in the contract, he was entitled to tender another plant for the completion of the work contemplated therein. The fact that the packing-house was specially mentioned in the contract was of no more moment than the mentioning of the residence of the parties, and the provision for the exclusive use of the plant was obviously inserted to secure the undivided attention of the respondent to the work contemplated. We are, therefore, of the opinion that the respondent was within his rights in tendering another plant for the performance of his contract.

Appellants' second point is that the tender of the "A & C Ham" plant was not good, for the reason that the "processer" for treating prunes in that plant was different from that in the one destroyed. The lower court found, however, on ample evidence from prominent experts familiar with both houses that the "A & C Ham" plant was in every way as suited to the doing of the work contemplated by the con-

tract as was the original plant, and this finding we cannot disturb on appeal.

The last contention made by appellants is that the guarantee clause in the contract was void as providing for liquidated damages. As this point was neither raised in the court below nor mentioned in the briefs, but was presented for the first time upon the oral argument, we are not required to discuss or decide it. We may state, however, that in our opinion the clause referred to provides not for liquidated damages, but for a minimum compensation to defendant for the services to be rendered by him during the year for which he was employed.

The judgment is affirmed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.