[Civ. No. 9280.  Second Appellate District, Division Two.—April 12, 1935.]

JOYCE PAYNE, Respondent, v. PATHE STUDIOS, INC. (a Corporation), Appellant.

Neil S. McCarthy, Earl L. Banta and Howard P. Hall for Appellant.

Ralph H. Blum, Alan J. Miller and Sanford I. Carter for Respondent.

WILLIS, J., *pro tem.*—Defendant Pathe Studios, Inc., has appealed from a judgment for the sum of $5,000 in favor of plaintiff, as assignee of Zazu Pitts, founded on a contract in writing executed by such defendant and plaintiff's assignor, and the problem on which the controversy herein centers is the nature or character of the contract—whether only an option on personal services or an agreement of employment with a minimum compensation fixed therein.

The contract is in the form of a letter addressed to Miss Zazu Pitts, dated May 7, 1930, and signed by said defendant, with a signed acceptance thereon of Miss Pitts, and is as follows:

"This is to confirm our oral agreement in regard to your services as an actress.

"In consideration of the execution of a Standard Form Artist's Contract covering your services as an actress in a motion picture which is at present entitled 'Beyond Victory' and for the payment of the salary for such services, it is mutually understood and agreed as follows:

"First: You hereby agree to render exclusive services for us as an actress in the production of a motion picture, the photographing of which includes the use and recording of your voice.

"(Supplementing paragraph First): It is understood and agreed that in the event your services are not started on or before December 31, 1930, we hereby agree to pay you the sum of Five Thousand Dollars ($5000), which represents the four weeks guarantee on this agreement.

"Second: In consideration of rendering such services, we agree to pay you a salary at the rate of One Thousand Two Hundred and Fifty ($1250.00) Dollars per week for a period of not less than four (4) weeks, and if your services are required in excess of the four week period, we agree to con-

tinue to pay you at the same rate for such additional services, six (6) days to be considered a week for the purpose of prorating a fractional part of a week.

"Third: It is understood and agreed that said motion picture for which your services are required will be completed on or before December 31, 1930.

"Fourth: We agree to give you feature billing on the main title and in all paid advertising and publicity under our control in the picture for which you have rendered services in accordance herewith.

"Fifth: It is understood and agreed that this agreement supersedes and cancels all prior agreements, both written and verbal, relating to your services or employment by us.

"If the foregoing is in accordance with your understanding of the agreement, please sign one copy of this letter in the space provided for your signature, thereby indicating your acceptance of the terms and conditions set forth herein, and this letter will constitute a binding agreement between us."

That the foregoing instrument upon its face is not free of defect or ambiguity is patent, and that this is so is confirmed by the opposing contentions of the parties thereto. The instrument was set forth *in haec verba* by attaching a copy thereof to the complaint as an exhibit, and it was incorporated in the pleading by reference and a definite construction was put upon it by plaintiff by averments in the complaint, in compliance with the rule of pleading recognized as governing in such cases, thus eliminating the ambiguity appearing upon the face of the instrument. (*Silvers* v. *Grossman,* 183 Cal. 696 [192 Pac. 534].) In the complaint it is alleged that by the terms of this agreement defendant agreed to employ the services of plaintiff's assignor as an actress in the production of a motion picture guaranteeing the utilization of her services for a period of not less than four weeks at a weekly salary of $1250, and that such motion picture would be completed on or before December 31, 1930; that in the event such services were not utilized before December 31, 1930, defendant agreed to pay to plaintiff's assignor the total sum of $5,000, representing four weeks' guarantee provided for by the terms of said agreement. These allegations putting a definite construction on the instrument and by way of interpreting it

are each and all denied by defendant. After trial and
upon the evidence adduced, the court found in accordance
with these averments, and further found that plaintiff's
assignor was at all times from May 7, 1930, up to and
including December 31, 1930, ready, able and willing to
furnish the services required under said agreement, but
that defendant at no time required or permitted her to fur-
nish said services, and has refused to pay the said sum of
$5,000. The court further found that the provisions sup-
plementing the first paragraph of the agreement were not
intended by the parties as provisions for payment of liqui-
dated damages in the event of a breach of an obligation to
employ plaintiff's assignor under the terms of said agree-
ment.

When the terms of a contract are uncertain or not
clear as to its purpose and effect or when ambiguous, the
question whether the transaction of which it purports to be
the evidence is a contract of one kind or of another kind is
to be determined from all the circumstances giving rise to it.
(*Slama Tire Protector Co.* v. *Ritchie*, 31 Cal. App. 555,
566 [161 Pac. 25].) And if the construction placed upon
it by the trial court, under appropriate pleadings and as
evidenced by its findings, is reasonable and sustainable by
the language of the instrument, and appears to be consistent
with the true intent of the parties, an appellate court will
not substitute another interpretation though it seem equally
tenable. (*Kautz* v. *Zurich Gen. A. & L. Ins. Co.*, 212 Cal.
576 [300 Pac. 34].) Under the pleadings herein the
question whether this contract was an option in favor of
defendant on the services of plaintiff's assignor, to be
exercised at will, or was an agreement to engage her ser-
vices for at least four weeks with a guarantee of $5,000
as a minimum compensation, became a question of fact for
the trial court to determine. We have neither been shown
nor have we found in the record a substantial reason for
declaring the court's construction of the contract erroneous.

That the supplemental provision to pay the $5,000,
as representing four weeks' guarantee, was neither in the
nature of a penalty nor an effort to provide for liquidated
damages, appears clear to us. This action is not one for
damages based upon the breach of a contract of hiring, but
is an action based upon the contract itself, as construed and

interpreted, upon an express promise to pay for at least four weeks' services at $1250 per week, or a minimum of $5,000. ■ It appears from the findings that plaintiff's assignor was at all the times in question ready, able and willing to work for defendant as an actress, if work had been offered her by defendant, and that no work was offered and that she was not discharged. These findings left the contract, as construed, in full force, with a right of action upon it; and it is no defense upon such a contract to say that plaintiff's assignor has not performed her duties thereunder. (*Stone* v. *Bancroft,* 112 Cal. 652 [44 Pac. 1069].)

■ Where it appears that the complaining party to a contract of hire was prevented from working by the defendant, the contract need not be treated as broken, but the party, though he has performed no service under it, may sue on the contract and recover the agreed compensation. (*Stone* v. *Bancroft,* 139 Cal. 78 [70 Pac. 1017, 72 Pac. 717]; *Downs* v. *Atkinson,* 207 Cal. 259 [277 Pac. 723].) Minimum payment clauses in contracts of sale or for services have been held valid in contracts between parties, and such minimum payments are not to be deemed as a provision for liquidated damages. (*A. B. Field & Co., Inc.,* v. *Haven,* 36 Cal. App. 669 [173 Pac. 108]; *San Joaquin L. & P. Corp.* v. *Costaloupes,* 96 Cal. App. 322 [274 Pac. 84].) Such agreements are upheld and the minimum rate or wage has been sustained as the true measure of recovery, the promise to pay such sum being a part of the direct obligation of the contract and in no sense a covenant for liquidated damages in cases of breach. (*San Joaquin L. & P. Corp.* v. *Costaloupes, supra.*) ■ The same reasoning and authorities furnish a negative answer to appellant's question as to whether the promise to pay the $5,000 was a penalty. Provisions for a penalty as well as for liquidated damages apply only in case of a breach of a contract. The construction placed upon the contract herein eliminates both penalty and liquidated damages from further consideration. Herein plaintiff's assignor had obligated herself to perform four weeks' services as an actress whenever called upon during the period in question, and her readiness, willingness and ability at all those times to render such services was at once the consideration for the agreement, and the measure of her compensation should defendant refuse to accept her

services. The very nature of the agreement negatives any idea of intention of the parties to prescribe a penalty.

■ Appellant also contends that plaintiff's assignor was under duty to mitigate damages by securing other employment, and that the judgment herein is excessive because she was employed and received compensation during a large portion of the period in question. The latter contention is entirely without merit; and as to the former, it may be stated that the rule as to mitigation of damages in cases of contracts of hire does not apply to contracts not requiring all or the greater portion of the time of the party employed, or which do not preclude the party from undertaking and being engaged in the performance contemporaneously of other contracts. (17 Cor. Jur., Damages, sec. 100, p. 775.) ■ Here again we must bear in mind that this is not an action for damages for breach of the contract of employment, but an action on the contract itself for the agreed compensation. The doctrine of mitigation of damages has no place in such an action. Assuming, however, that it has, as claimed by appellant, the affirmative defenses based on that doctrine set forth in defendant's answer were negatived by the trial court's findings, which must be deemed conclusive on this appeal.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.