**Don CHERRY, Plaintiff-Appellee,**

v.

**A–P–A SPORTS, INC., a New Jersey corporation, d/b/a the Colorado Rockies, Defendant-Appellant.**

**No. 82CA0771.**

Colorado Court of Appeals,
Div. I.

March 17, 1983.

Sherman & Howard, William L. Hunnicutt, Denver, for plaintiff-appellee.

Gorsuch, Kirgis, Campbell, Walker & Grover, Simon J. Freedman, Steven P. Bailey, Denver, for defendant-appellant.

SILVERSTEIN,* Judge.

In this contract action, defendant, A–P–A Sports, Inc., appeals a summary judgment awarding plaintiff, Don Cherry, $35,-000, plus interest and costs.  We affirm.

The parties entered into a contract under which Cherry was employed to coach the Colorado Rockies, a hockey team owned by defendant.  The basic term of the contract was for two years, expiring on June 1, 1981, at a specified salary.  Also, the Rockies had the option to extend the term for an additional two years at a specified increase in salary, with a proviso that if the option were not exercised, the Rockies would pay Cherry $35,000.

Shortly before the end of the first year of the contract, Cherry was relieved of his duties as coach, but the Rockies continued to pay his salary for the balance of the two-year term.  The Rockies did not exercise their option to extend the term of the contract, and refused to pay Cherry the $35,000 upon his demand for payment.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

Thereupon, Cherry sued for the payment of the $35,000. The Rockies denied that the money was due and owing, and asserted, as affirmative defenses, that Cherry had failed to mitigate his damages and that payment would result in unjust enrichment of Cherry.

Six days before the date set for trial, Cherry filed a motion for summary judgment. On the trial date, the court held a hearing on the motion, and granted the motion. On appeal, defendant contends that the trial court acted without authority in ruling on the motion, because the motion was not timely filed. Defendant also asserts that the granting of the motion was error because there existed disputed facts.

## I.

■ The motion for summary judgment, together with a supporting brief, was served on defendant six days before the date set for trial, and was heard on the trial date. C.R.C.P. 56(c) provides that "the motion shall not be heard until at least ten days after service thereof." Therefore, the hearing of the motion six days after service was error. *Jardon v. Meadowbrook-Fairview Metropolitan District,* 190 Colo. 528, 549 P.2d 762 (1976). However, under the circumstances here the error was harmless.

The ten-day provision was inserted in the rule "to avoid surprise and to allow for a full and considered response . . . ." *Jardon, supra.* Here, the parties had filed trial data certificates about three weeks before the trial date. In his certificate, the plaintiff stated:

> "As soon as Defendant has articulated [its] defenses in its Trial Data Certificate, Plaintiff will address them by way of Motion for Summary Judgment or Motion in Limine."

Upon receipt of plaintiff's motion and brief, defendant filed an answer brief. In that brief defendant set forth in detail the evidence defendant would offer to establish its defenses.

Defendant's asserted defenses of failure to mitigate damages and unjust enrichment did not, as a matter of law, preclude plaintiff's right to payment under the contract. Thus, even assuming all of defendant's evidence was admitted, and assuming further that it was all true, we still conclude that evidence did not establish a valid defense to plaintiff's claim.

## II.

The trial court properly concluded as a matter of law that the contract was clear and unambiguous, that there was no genuine issue as to any material fact, and that the undisputed facts entitled plaintiff to a favorable judgment.

The contract is clear that upon defendant's failure to exercise the option it became obligated to pay plaintiff the $35,000. It is undisputed that the defendant did not exercise the option.

■ Construction of a contract, including the question of whether a contract is ambiguous, is a matter of law for the court. *People v. Johnson,* 618 P.2d 262 (Colo.1980). We agree with the trial court's construction. Since the contract was unambiguous, defendant's proffered evidence as to the reason for inserting the option provision, and defendant's intent relative thereto, was inadmissible. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.,* 633 P.2d 1081 (Colo.1981).

■ Further, the asserted defense of plaintiff's failure to mitigate damages is inapplicable here. In this case, plaintiff is not seeking damages for breach of contract. A similar situation was involved in *Payne v. Pathe Studios,* 6 Cal.App.2d 136, 44 P.2d 598 (1935), wherein the court stated:

> "This is not an action for breach of the contract of employment, but an action on the contract itself for the agreed compensation. The doctrine of mitigation of damages has no place in such an action."

So, here, where plaintiff seeks payment of a debt, and does not seek salary reimbursement for a contract breach, defendant is not entitled to an offset by way of mitigation.

Likewise, the defense of unjust enrichment is not a proper defense. Here, plaintiff has a right under an enforceable contract, and unjust enrichment "is not applicable to agreements deliberately entered into however harsh the provisions of such contracts may seem in the light of subsequent happenings." *Third National Bank & Trust Co. v. Lehigh Valley Coal Co.*, 353 Pa. 185, 44 A.2d 571 (1945).

Since the two asserted defenses were without merit and, even if proved, would not defeat plaintiff's claim, the early granting of the motion for summary judgment was harmless error.

Judgment affirmed.

COYTE and STERNBERG, JJ., concur.