Filed 3/24/23 Degreed v. Viventis Search Asia CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DEGREED, INC.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VIVENTIS SEARCH ASIA, INC.,<br><br>    Defendant and Appellant. | A164640<br><br>(San Francisco County<br>Super. Ct. No. CGC20584113) |

Viventis Search Asia, Inc. (Viventis) appeals after judgment was entered against it for breaching the provision of a software distribution contract requiring it to pay $1 million annually to the software's developer. Viventis contends the trial court erred in granting summary judgment for the plaintiff on the contract claim, because the $1 million annual payment clause of the parties' contract is an unenforceable liquidated damages provision (Civ. Code, § 1671) and an unenforceable "forfeiture" barred by Civil Code section 3275. We disagree and affirm.

**BACKGROUND**

**A.**

Degreed, Inc. (Degreed), is a software company based in San Francisco, California. In December 2017, it entered into a "Reseller Agreement" (Agreement) with Viventis, a company based in the Philippines. The

1

Agreement granted Viventis a license to distribute Degreed's educational software platform in the Philippines, Singapore, Malaysia and Indonesia.

Viventis's financial obligations under the Agreement were structured as the payment of "subscription fees" to Degreed, including a non-refundable portion of them in advance. Section 3 of the Agreement (entitled "Fees and Payments") states in relevant part:

"3.1 **Subscription Fees**. [Viventis] is responsible for remitting all Subscription Fees in the amounts set forth in Exhibit A for any licenses sold to its Customers, regardless of its collections from the Customer. Degreed may modify the Subscription Fees set forth in Exhibit A by providing [Viventis] ninety (90) days advance written notice of such Subscription Fee changes.

"3.2 **Subscription Fee Prepayment**. [Viventis] shall remit the annual Subscription Fee Prepayment(s) set forth in Exhibit A on an annual basis (each a 'Subscription Fee Prepayment'). Such Subscription Fee Prepayment(s) shall be applied toward any Subscription Fees owed to Degreed during the applicable term as outlined in the Exhibit A. Except as otherwise set forth herein, Subscription Fee Prepayments shall be non-refundable.

"3.3 **Annual Payments**. Within ten (10) days from the end of each calendar quarter, [Viventis] will submit a report to Degreed which details the licenses to the Platform sold in the previous quarter including (a) the Customer name and address; and (b) term of the license; and (c) the license plan offered, pursuant to Exhibit A; and (d) the Subscription Fees owed to Degreed. The Subscription Fees owed during a particular quarter shall be applied against any unconsumed Subscription Fee Prepayment received by Degreed during the applicable period defined in the Exhibit A. If the

2

Subscription Fee Prepayment is consumed during an applicable period, then following receipt of such report, Degreed will invoice [Viventis] in the total amount of the Subscription Fees owed by [Viventis] which will be due and payable by [Viventis] within net thirty (30) days from the date of invoice. Subscription Fees are not refundable. Any overdue payments will bear interest at the lower of a rate of one and a half percent (1.5%) per month, or the highest amount allowed by law."

Under Exhibit A of the Agreement, Viventis was required to pay Degreed $1,000,000 annually (in quarterly installments) as a "Subscription Fee Prepayment," beginning on June 30, 2018. Exhibit A stated, further, that "As each Subscription Fee Prepayment is received by Degreed, it may be applied against licenses issued prior to the expiration of the [annual] Term. Subscription Fee Prepayments that are not consumed on or before expiration of the [annual] Term will be forfeited. Any Subscription Fees due in excess of the Subscription Fee Prepayment will be paid as incurred in accordance with the Agreement (each, an 'Overage')."

**B.**

About two and half years after the parties entered the Agreement, Degreed initiated this suit alleging Viventis had failed to pay four quarterly installments of the Subscription Fee Prepayments it owed Degreed during the first two years of the Agreement, resulting in a $925,000 shortfall. It pled claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and quantum meruit.

Subsequently, it moved for summary judgment seeking a ruling as a matter of law that Viventis breached the contract by failing to make the required payments. It asserted that if it obtained a judgment on its breach of

3

contract claim then its alternative claims, pled in the alternative, could be dismissed.

In opposing the motion, Viventis made a number of legal arguments, but none are reprised here. Principally, it argued Degreed was owed nothing because the contract required payment only for Viventis's actual sales of software licenses, and Degreed had been paid for those sales (and more). It also argued that because the $1 million annual payments vastly exceeded the amounts it owed Degreed for the actual software license sales Viventis had generated and thereby resulted in a "huge overpayment," the prepayment provision was an unfair "penalty" that should be denied enforcement on equitable grounds.[1] Viventis asserted neither of the two issues raised here: that the prepayment provision is a liquidated damages provision made unenforceable by Civil Code section 1671, and/or is unenforceable under Civil Code section 3275.

The trial court issued a tentative ruling denying the motion on the ground that the "non-refundable prepayment is an unenforceable penalty/forfeiture" barred by Civil Code section 1671, a legal issue it acknowledged having raised on its own motion. After receiving supplemental briefing on this issue from the parties, the trial court changed its mind and ruled the prepayment clause is not a liquidated damages provision subject to section 1671, but simply a prepayment provision which is fully enforceable. It observed, "The Defendant may regret having entered into that agreement. It obviously does. But I don't believe that it is unlawful or unenforceable." It

---

[1] Citing no legal authority, Viventis asserted both that "its forfeiture provision is highly inequitable" and that the provision was a "penalty clause in disguise." Citing *Kay v. Kay* (1961) 188 Cal.App.2d 214, it also argued that "equity abhors a forfeiture."

entered a three-page written order granting the motion for summary judgment explaining its legal reasoning. There followed a judgment in Degreed's favor which awarded $1,243,413.46 in damages for breach of contract (including interest) and dismissed the two alternative claims. Viventis then timely appealed.[2]

## DISCUSSION

A plaintiff is entitled to summary judgment when it demonstrates there is no triable issue as to any material fact and that it is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) In moving for summary judgment, the plaintiff's initial burden does not require it to negate affirmative defenses asserted by the defendant. (*Oldcastle Precast, Inc. v. Lumbermens Mutual Casualty Co.* (2009) 170 Cal.App.4th 554, 564.) It must prove only "each element of the cause of action entitling the party to judgment on the cause of action." (Code Civ. Proc., § 437c, subd. (p)(1).) "Once the plaintiff . . . has met that burden, the burden shifts to the defendant . . . to show that a triable issue of one or more material facts exists as to the cause of action or a defense thereto." (*Ibid.*)

We review the court's order granting summary judgment de novo, viewing the evidence in the light most favorable to the losing party. (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.)

---

[2] We previously requested, and received, supplemental briefing as to whether the dismissal of the remaining claims defeated finality of the judgment. Having considered the record and the parties' arguments, we have concluded it does not.

5

# I.

## *Civil Code Section 1671*

As noted, Viventis argues the trial court erred in enforcing the prepayment provision because it is unenforceable as a matter of law under Civil Code section 1671. It also argues, in the alternative and at a minimum, that genuine issues of material fact concerning the provision's reasonableness precluded summary judgment on this issue.

Civil Code section 1671 presumes the validity of liquidated damages provisions in commercial contracts. It states in relevant part: "a provision in a contract liquidating the damages for the breach of the contract is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." (Civ. Code, § 1671, subd. (b).) By its terms, the statute applies only to contractual provisions "liquidating the damages for the breach of the contract."

" 'A penalty provision operates to compel performance of an act [citation] and usually becomes effective only in the event of default [citation] upon which a forfeiture is compelled without regard to the damages sustained by the party aggrieved by the breach [citation]. The characteristic feature of a penalty is its lack of proportional relation to the damages which may actually flow from failure to perform under a contract.' " (*Ridgley v. Topa Thrift & Loan Assn* (1998) 17 Cal.4th 970, 977.) By contrast, contractual charges that are imposed as "an agreed form of compensation" rather than as a consequence of breach or default are not liquidated damages provisions. (*Id.* at p. 979 [discussing prepayment charges]; accord, *Blank v. Borden* (1974) 11 Cal.3d 963, 970 [section 1671 inapplicable because contract's terms "in no sense contemplate a 'default' or 'breach' of an

6

obligation by the owner upon whose occurrence payment is to be made"].) In particular, "[m]inimum payment clauses in contracts of sale or for services have been held valid in contracts between parties, and such minimum payments are not to be deemed as a provision for liquidated damages." (*Payne v. Pathe Studios* (1935) 6 Cal.App.2d 136, 141; see, e.g., *A.B. Field & Co. v. Haven* (1918) 36 Cal.App. 669, 672 [contract guaranteeing minimum annual compensation for buying and packing fruit].) Put simply, a liquidated damages provision is one that "appl[ies] only in case of a breach of a contract." (*Payne*, at p. 141.)

In assessing whether a clause functions this way, we must "look[] to the substance rather than the form of the disputed provision." (*Ridgley v. Topa Thrift & Loan Assn., supra*, 17 Cal.4th at p. 979.) Here, both parties agree that, in substance, the prepayment clause requires Viventis to pay Degreed a minimum of $1 million annually, without regard to the number of software licenses it sells. That requirement is not conditioned upon Viventis breaching another provision of the contract, and Viventis does not argue that it is. This is a not a liquidated damages provision. This would be self-evident had the contract been drafted in a way that said directly, with no circumlocution, that Viventis agreed to pay Degreed, in return for the right to distribute the software, the greater of (a) $1 million annually or (b) X dollars for every license sold annually to end-users.

In short, the parties freely bargained for a mutual exchange of benefits. Viventis received a license that enabled it to commercially exploit Degreed's software in the specified Southeast Asian region (the parties disagree as to whether the right was nonexclusive, but that is immaterial). And in return, Degreed received a promise of compensation that included a $1 million annual minimum guarantee.

7

At oral argument, counsel for Viventis argued that the nature and potential extent of the Southeastern Asian market for Degreed's software was unknown at the time the parties entered into the agreement. Based on the four corners of the agreement, however, it is apparent that Viventis was effectively agreeing to take on the risk associated with developing that market. In hindsight, the contractual payment structure turned out to be a bad bargain for Viventis. But it is not a liquidated damages clause for breach of the Agreement. It is therefore unnecessary to consider the parties' arguments concerning its "reasonableness." (See *Graylee v. Castro* (2020) 52 Cal.App.5th 1107, 1114 ["Before performing any analysis under section 1671, subdivision (b), we must first determine whether the stipulation contains a liquidated damages clause"].) Civil Code section 1671 is inapplicable.

## II.

### *Civil Code Section 3275*

For similar reasons, we reject Viventis's new argument, made for the first time on appeal, that Civil Code section 3275 bars enforcement of the prepayment provision.

In the first place, Viventis did not even mention this statute below and thus the theory has been forfeited. (Cf. *Dacey v. Taraday* (2011) 196 Cal.App.4th 962, 978 [statutory defense to breach of contract claim "mentioned" in summary judgment papers in connection with another defense but "not presented as an independent defense" held "not sufficiently preserved for appeal"].)

Moreover, it is without merit. Civil Code section 3275 states: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, *by reason of his failure to comply with*

8

*its provisions*, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty." (Italics added.) Because the contract does not impose the prepayment requirements in the event of a default or breach, section 3275 does not apply. (Cf. *Lazzareschi Inv. Co. v. San Francisco Fed. Sav. & Loan Assn.* (1971) 22 Cal.App.3d 303, 307 [affirming summary judgment for plaintiff in action by defendant challenging prepayment penalty, rejecting defense under Civil Code section 3275 because case did not involve penalty for default on contract but option for early performance].) Viventis acknowledges that, in this respect, the applicable test for section 3275 is identical to that for section 1671.

## DISPOSITION

The judgment is affirmed. Respondent shall recover its costs.

 

 

 

                                           _____

                                            STEWART, P.J.

 

We concur.

 

 

_____

MILLER, J.

 

 

_____

MARKMAN, J.*

 

 

 

 

*Degreed, Inc. v. Viventis Search Asia, Inc.* (A164640)

---

     * Judge of the Alameda Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.